**WESTERN MARYLAND RAILWAY COMPANY, Appellant,**

v.

**UNITED STATES of America,**
Appellee (three cases).

Nos. 7081–7083.

United States Court of Appeals Fourth Circuit.

Argued Nov. 14, 1955.

Decided Dec. 6, 1955.

James C. Herndon, Akron, Ohio, and William C. Purnell, Baltimore, Md. (Richard G. Herndon, Wheeling, W. Va., on the brief), for appellant.

George Cochran Doub, U. S. Atty., and Philip R. Miller, Atty. Dept. of Justice, Washington, D. C. (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Atty., Dept. of Justice, Washington, D. C., and Robert R. Bair, Asst. U. S. Atty., Baltimore, Md., on the brief) for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

These are appeals by the Western Maryland Railway Company from adverse judgments in suits instituted to recover an alleged overpayment of excess profits taxes for the years 1943, 1944 and 1945. The claim of taxpayer in each case is based upon the contention that the Commissioner of Internal Revenue failed to include a sufficient amount in equity invested capital. The controversy relates to an equity reorganization of the Western Maryland Railroad occurring in the years 1909 and 1910, when the taxpayer purchased property of the prior corporation from a reorganization committee, assuming all the indebtedness of the old company superior to its general lien mortgage and issuing common and preferred stock in payment. The facts are fully and accurately stated in the opinion of the District Judge and need not be repeated here. See Western Maryland Railway Company, 131 F.Supp. 873.

Three questions are presented by this appeal: (1) Where the holders of common stock or general lien bonds of the old company paid to the reorganization committee $40 per share for common stock of the old company for which the new company exchanged its common stock share for share, was the taxpayer entitled to have the $40 per share included in equity invested capital in addition to the $52.50 per share as the value of the new shares, which was the amount allowed by the Commissioner? (2) Was the taxpayer entitled to have included in its equity invested capital the amount by which the general lien bonds of the old company (the payment of which was not assumed by the new company) exceeded in value the preferred stock of the new company exchanged therefor? and (3) should the preferred stock of the new company issued to the holders of general lien bonds have been valued at $73.50 per share instead of at $70 per share, as valued by the Commissioner? We think that all of these questions were properly answered in the negative for reasons adequately stated in the opinion of the District Judge. The only one as to which there could be any reasonable question is the one last mentioned, relating to the value of the preferred stock; but in view of the facts in evidence and the determination of the Commissioner, which is presumptively correct, we do not think that we would be justified in disturbing the valuation placed thereon by the District Judge. Furthermore, the difference, if allowed, would amount to only $350,000; and this

would not help taxpayer, since the Commissioner allowed $1,273,938.80 for stock issued for commissions and services in the reorganization, which is not properly includible in the equity invested capital of the new corporation. Bard-Parker Co. v. Commissioner, 2 Cir., 218 F.2d 52, 58; Gabriel Co. v. Commissioner, 6 Cir., 186 F.2d 786; Warner Co. v. Commissioner, 11 T.C. 419, 433, affirmed 3 Cir., 181 F.2d 599; Palomar Laundry Co. v. Commissioner, 7 T.C. 1300; La Belle Iron Works v. United States, 256 U.S. 377, 389–390, 41 S.Ct. 528, 65 L.Ed. 998. As the suits in the court below were instituted on the theory that there had been an overpayment of excess profits taxes during the years in question because taxpayer had not been allowed a sufficient amount as equity invested capital, it would be proper to consider that stock issued for services was improperly included in that item if any other item included therein should be increased in amount.

Affirmed.