**MISSOURI PACIFIC RAILROAD COMPANY**
**v.**
**The UNITED STATES.**
**No. 40–63.**

United States Court of Claims.
Nov. 13, 1964.

Gerald J. O'Rourke, Jr., Washington, D. C., for plaintiff. Robert E. Simpson, St. Louis, Mo., on the briefs.

S. Laurence Shaiman, Washington, D. C., with whom was Asst. Atty. Gen., Louis F. Oberdorfer, for defendant.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS and COLLINS, Judges.

LARAMORE, Judge.

The instant case involves a suit for refund of excess profits tax for the taxable year 1950, in which taxpayer bases its entitlement to a refund on the ground that the Commissioner of Internal Revenue erred in disallowing certain depreciation deductions, thereby reducing its excess profits credit. The government filed an answer wherein it denied this allegation and at the same time by way of a defense, in the nature of a setoff, alleged that taxpayer in its 1950 Federal income tax return improperly took a foreign tax credit for taxes paid to Mexico.

This case comes to us pursuant to Rule 55(a) (3) in which the government requests us to review the Order of Commissioner Marion T. Bennett granting taxpayer's motion to fix the burden of proof of the government's setoff defense upon the government and denying the government's cross-motion. The Commissioner in his Order granting taxpayer's motion apparently felt bound by our decision in Continental Illinois National Bank & Trust Co. v. United States, 18 F.Supp. 229, 234, 84 Ct.Cl. 405, 416 (1937), although he recognized that the position adopted by the Continental Bank case represents the minority view in this area.[1] Due to the considerable importance of this issue on pending litigation before us and the conflicting judicial

---

1. Order filed on May 7, 1964 in Missouri Pacific Railroad Co. v. United States, Ct.Cl., No. 40–63, footnote 1 of the Order.

decisions on this point,[2] we granted the government's request for oral argument on this matter.

For the reasons stated below, we modify our decision in the Continental Bank case,[3] vacate the Commissioner's Order, and remand this case for further proceedings in accordance with our opinion.

■■ The Supreme Court in Lewis v. Reynolds, 284 U.S. 281, 52 S.Ct. 145, 76 L.Ed. 293 (1932) established the right of the government to reaudit a return and challenge by way of a defense, in the nature of a setoff, in a refund suit, the validity of the tax treatment accorded any item in taxpayer's return, even if at the time the defense was raised no new assessment could have been made because of the bar of the statute of limitations.[4] The reason usually given for allowing this equitable offset, which would otherwise be time barred if pursued as an additional assessment, is that an action for refund of taxes is in the nature of an action for money had and received[5] and taxpayer must establish that he in fact overpaid his taxes.[6] This of necessity involves a redetermination of his entire tax liability under the particular tax return on which he sues for a refund. Globe Gazette Printing Co. v.

United States, 13 F.Supp. 422, 82 Ct.Cl. 586, cert. denied 298 U.S. 682, 56 S.Ct. 952, 80 L.Ed. 1403 (1936).

■ The defense of a setoff can be raised by the government in several factual situations. The differences among them, we think, are material to the ultimate issue we are called to decide. It appears that a setoff can be raised by the government in a refund suit with respect to the tax treatment accorded an item found (1) in the same tax year involving the same type of tax for which a refund is sought, (2) in the same year involving a different type of tax which, however, is related and ultimately affects the amount of tax liability involved in the suit for refund, (3) in the same year involving a different type of tax which is independent of and unrelated to the tax involved in the suit for refund, (4) in another year involving any type of tax whether related or unrelated.

■ Neither the Supreme Court nor the various Circuit Courts of Appeals have passed on the precise question we are called to decide today, although the language used in several of the Appellate Court's opinions seems to support the government's contention on this is-

---

2. Compare Massingale v. United States, 59–1 U.S.T.C. 9298 (D.Ariz.1959); Service Life Ins. Co. v. United States, 189 F. Supp. 282 (D.Neb.1960) aff'd without discussion of this issue 293 F.2d 72 (8th Cir. 1961); Squire v. Denman, 18 F. Supp. 287 (N.D.Ohio 1936), aff'd without discussion of this issue 111 F.2d 921 (6th Cir. 1940) to Raybar v. United States, 104 F.Supp. 959 (S.D.Calif.1952); Western Maryland Ry. Co. v. United States, 131 F.Supp. 873 (D.Md.1955) aff'd without discussion of this issue 227 F.2d 576 (4th Cir. 1955); DuPont, Jr. v. United States, 234 F.Supp. 681 (D.Del. 1963).

3. We think it proper to reconsider our decision in the Continental Bank case, supra, because it appears that at the time that case was argued the parties did not adequately present this issue to the court. Moreover, the court did not cite any authority for the position it adopted. See Mississippi River Fuel Corp. v. United States, Ct.Cl., 314 F.2d 953, 958,

decided April 5, 1963 (concurring opinion by Judge Davis in which Judge Laramore concurred).

4. The court stated that "while the statutes authorizing refunds do not specifically empower the Commissioner to reaudit a return whenever repayment is claimed, authority therefore is necessarily implied. An overpayment must appear before refund is authorized. Although the statute of limitations may have barred the assessment and collection of any additional sum, it does not obliterate the right of the United States to retain payments already received when they do not exceed the amount which might have been properly assessed and demanded." [284 U.S. at 283, 52 S.Ct. at 146]

5. Stone v. White, 301 U.S. 532, 534, 57 S.Ct. 851, 81 L.Ed. 1265 (1937); Helvering v. Taylor, 293 U.S. 507, 55 S.Ct. 287, 79 L.Ed. 623 (1935).

6. Taylor v. Commissioner of Internal Revenue, 70 F.2d 619 (2d Cir. 1934).

sue.[7] Moreover, the general theory upon which setoff defenses are based seems to require the result urged by the government.[8] When a suit is brought for the recovery of taxes, the taxpayer must affirmatively show that he has overpaid his taxes since "[a]n overpayment must appear before refund is authorized." Lewis v. Reynolds, supra, 284 U.S. at 283, 52 S.Ct. at 146. In other words, the taxpayer has the burden of proving the exact dollar amount to which he is entitled.[9] See Helvering v. Taylor, 293 U.S. 507, 155 S.Ct. 287, 79 L.Ed. 623 (1935). This of necessity puts in issue every credit or deduction found in the particular tax return for which refund is sought or in a related tax return. However, this does not involve a redetermination of taxpayer's tax liability under unrelated tax returns for that year. We view the taxpayer's tax liabilities as a series of obligations arising from each tax imposed.[10] Thus, when the government by way of a setoff challenges the validity of the tax treatment accorded an item found in the same tax return or in a related and dependent tax return (situations (1) and (2) outlined above), we think that the burden of proving the correctness of the challenged item is ultimately on the taxpayer. When the challenged item is found in an unrelated tax return (situations (3) and (4)), we think that the burden of proof remains on the government throughout the entire proceedings.[11] We say this because under the former situation, the challenged item is directly involved with the final computation of taxpayer's taxes under which refund is sought, while in the latter situation the challenged items in no way affect taxpayer's tax liability under the return connected with the suit for refund.

However, before the taxpayer has the burden of proving the correctness of the challenged item under situations (1) and (2), we think that the government has the burden of going forward and showing that there is a reasonable basis in fact or in law for its

7. *E.g.*, United States v. Pfister, 205 F.2d 538, 542 (8th Cir. 1953), where the court by way of dicta stated that "the burden is on the taxpayer to establish the exact amount to which he is entitled. To sustain the burden upon him, taxpayer must prove the legality and amount of any deduction claimed."

8. If you follow the strict common law principles that underlie an action in assumpsit for money had and received, "it is incumbent upon the claimant to show that the United States has money which belongs to him." (Lewis v. Reynolds, supra, 284 U.S. at 283, 52 S.Ct. at 146). When the government challenges an item in taxpayer's return by way of a defense in the nature of a setoff, it does not make a counter-demand on the taxpayer but merely makes a denial of his equitable right to recover. Routzahn v. Brown, 95 F.2d 766, 769 (6th Cir. 1938). Thus, "if under all the facts the taxpayer has failed to show that the government has an excess of taxes for the year in question which equitably belongs to the taxpayer, he cannot recover." Western Maryland Railway Co. v. United States, 131 F.Supp. 873 (D.Md.1955).

9. This is to be contrasted to the situation present in the Tax Court where the taxpayer merely has the burden of proving that the Commissioner's assessment is wrong since the proceedings before that court are in the nature of a review of the Commissioner's assessment. See Taylor v. Commissioner of Internal Revenue, 70 F.2d 619 (2d Cir. 1934). The government has the burden of proof as to "new matter" pleaded in the answer to taxpayer's petition. (Tax Court Rule 32.)

10. This concept follows the conventional view of other subject matter upon which civil actions are based; viz., contracts. See Atchison, Topeka & Santa Fe Ry. Co. v. United States, 94 F.Supp. 677, 118 Ct.Cl. 194 (1951).

11. We recognize that the right of the government to challenge items found in unrelated tax returns (situations (3) and (4)) is not present in every case. See Rothensies v. Electric Storage Battery Co., 329 U.S. 296, 301, 67 S.Ct. 271, 91 L.Ed. 296 (1946). We are concerned in this case only with establishing who has the burden of proof once it is determined that the government can properly challenge the item by way of a setoff defense.

setoff defense. By this we mean that the government has to demonstrate that it has some concrete and positive evidence, as opposed to a mere theoretical argument, that there is some substance to its claim and is not a mere fishing expedition or a method of discouraging taxpayers from seeking refunds on meritorious claims because of the cost that would result in proving each and every item involved in a tax return. In a case where the taxpayer raises specific issues as to a tax, and there is no good reason for the government to challenge the remainder of the items going to make up the tax, the government should not be able to cast the burden on the taxpayer of proving each and every item. The right of allowing an offset under these situations is an equitable right given to the government based on the equitable principles and, as such, should not be abused. If properly used, it should pro-

vide the government with a "shield" to prevent the unjust enrichment of a taxpayer, but if used as a "sword" it would under certain circumstances have the contrary effect. Therefore, in those situations where the government's setoff defense comes within categories (1) and (2) as outlined above, our trial commissioners should make a determination at pretrial as to the reasonableness and adequacy of the government's setoff defense. If, after an examination of the pleadings and materials furnished by the government at pretrial, the trial commissioner determines that the contention raised by the setoff has substance, then the burden is on the taxpayer to prove the validity of the challenged item raised by the answer in setoff.

We vacate Commissioner Bennett's Order and remand this case for further proceedings in accordance with our opinion.