**MISSOURI–ILLINOIS RAILROAD COMPANY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 65 C 96(1).**

United States District Court
E. D. Missouri, E. D.

May 3, 1967.

Mark M. Hennelly and Gilbert P. Strelinger, St. Louis, Mo., Robert T. Molloy, Washington, D. C., for plaintiff.

Richard D. Fitzgibbon, Jr., U. S. Atty., John A. Newton, Asst. U. S. Atty., St. Louis, Mo., for defendant.

HARPER, Chief Judge.

## MEMORANDUM OPINION

This suit was instituted by the plaintiff for a refund of $3,097.73, plus interest, of income taxes paid for the taxable year 1958. The suit was timely filed and jurisdiction of this court exists under 28 U.S.C.A. § 1346(a) (1). The plaintiff allegedly paid the Republic of Mexico $6,453.60 in taxes for the year 1958. The plaintiff claimed this amount as a foreign income tax credit under 26 U.S.C.A. § 901 on its 1958 Federal income tax return, but the claim was disallowed. However, the defendant's auditing agent did allow the amount as a deduction from gross income. The difference between allowing the $6,453.60 as a deduction but not as a credit is allegedly the $3,097.73 in suit.

The facts come to this court by way of oral testimony, depositions, and various exhibits.

The plaintiff railroad, a Missouri corporation, is and was during 1958, a common carrier by rail in interstate commerce. In the normal course of its business, the plaintiff rents its railroad cars to other railroads, including Mexican railroads. When one railroad's cars are used by another railroad, a daily or per diem rental rate is charged by the owner to the user railroad. The per diem rental rate in the United States was $2.75 in 1958. A special per diem rate is applied when Mexican railroads use American owned cars in Mexico. Prior to January 1, 1954, the Mexican railroads using an American or Canadian owned car in Mexico paid to the owner the Mexican per diem rate minus a percentage which it was required to withhold under Mexican income tax law. The amount so withheld was supposed to be turned over to the treasury of Mexico, with the owner of the car receiving proper credit. At the end of the year the American or Canadian owner would file a Mexican income tax return with the tax determined on a graduated scale.

On January 1, 1954, a new Mexican income tax law became effective. Under this law American and Canadian railroads were obligated to pay an income tax on income received from the rental of railroad cars to the Mexican railroads. The taxable income was to be determined by each schedule, and those who are engaged in acts of commerce are obligated to pay the tax under Schedule 1, Commerce. The basis (Article 26th) of the tax in this schedule is the difference between the income received by the taxpayer during a period and the deductions authorized by law.

Article 28th under Schedule 1, Commerce, provides:

"ARTICLE 28th. When because of the nature and the characteristics of the operations carried out by the taxpayers it is not possible, by ordinary procedure, to determine with exactness the taxable income, the Department of the Treasury may enter into agreements for the determination of the tax base."

Pursuant to Article 28th, an agreement was entered into between the Mexican tax authorities, certain Mexican

railways and the American and Canadian railroad companies which regularly delivered railroad cars to the Mexican frontier for carriage in Mexico by Mexican railroads. This agreement provided, in part, that the rental charges paid by the Mexican railroads for the rental of American and Canadian cars were subject to the payment of Mexican income tax; that the payment of the tax was to be accomplished by withholding from the total accrued rentals the difference between the Mexican per diem car rental rate and basic or American and Canadian per diem car rental rate; that the Mexican railroads were authorized and compelled to withhold the tax involved and pay such amount to the Mexican Treasury, the balance being paid to the American and Canadian railroads.

In a copy of a purported Mexican income tax return for the year 1958, the plaintiff claimed income of $21,244.15 from car rentals in Mexico of which $6,-453.60 was allegedly withheld by the Mexican railroads for payment to the Mexican Treasury. There is no verification of the figures nor any proof that the return was ever filed.

There are three issues in this case:

1) Did the plaintiff-taxpayer prove, for the year 1958, that it actually paid any sum in taxes to the Republic of Mexico?

2) If the plaintiff has proven that it did pay a tax to the Republic of Mexico upon the per diem rentals earned in 1958 by the plaintiff from the use of its railroad cars in Mexico, was such tax an income tax, excess profits tax, war profits tax, or a tax in lieu thereof, so as to entitle the plaintiff to a foreign tax credit against its United States income tax liability for the year 1958?

3) What, if any, application do the limitation provisions of section 904 of the Internal Revenue Code have on any tax that might have been paid in this case?

As to the first issue above, a tax refund case such as the present one is in the nature of an action for money

had and received, and it is incumbent upon the plaintiff to prove the exact dollar amount to which it is entitled. Lewis v. Reynolds, 284 U.S. 281, 52 S.Ct. 145, 76 L.Ed. 293; Missouri Pacific Railroad Co. v. United States, 338 F.2d 668, 168 Ct.Cl. 86. Thus, the plaintiff must not only prove that taxes were withheld by the Mexican railroads, but it must also prove the exact amount of these taxes. Section 905(b) of the Internal Revenue Code provides:

"The credits provided in this subpart shall be allowed only if the taxpayer establishes to the satisfaction of the Secretary or his delegate—

"(1) the total amount of income derived from sources without the United States, determined as provided in part I,

"(2) the amount of income derived from each country, the tax paid or accrued to which is claimed as a credit under this subpart, such amount to be determined under regulations prescribed by the Secretary or his delegate, and

"(3) all other information necessary for the verification and computation of such credits."

In furtherance of the above section of the Internal Revenue Code, Regulation 1.905–2(a) provides, in part, that all claims for tax credits for foreign taxes already paid must be accompanied by Form 1118 (in the case of a corporation) along with the receipt for each such payment or direct evidence of the amount of tax withheld at the source. Subsection (b) of Regulation 1.905–2 provides for the use of secondary evidence if a receipt or direct evidence of the amount of tax withheld at the source cannot be supplied for taxes already paid. Subsection (3) of subsection (b) provides:

"(3) Tax withheld at source. In the case of taxes withheld at the source from dividends, interests, royalties, compensation, or other form of income, where evidence of withholding and of the amount withheld cannot be secured from those who have made the

payments, the district director may, in his discretion, accept secondary evidence of such withholding and of the amount of the tax so withheld, having due regard to the taxpayer's books of account and to the rates of taxation prevailing in the particular foreign country during the period involved."

The plaintiff alleges that it earned $21,244.15 from the rentals of railroad cars in Mexico in 1958 and that $6,453.60 was withheld as taxes for the Mexican government. However, the record contains no competent evidence that taxes in any amount were withheld by the Mexican railroads. (If the plaintiff could show that taxes were withheld by the Mexican railroads, and the amount of such withholding, it could be assumed that such amounts were paid to the Treasury of Mexico.) The record contains no documents or records from the Mexican Treasury nor from the Mexican railroads that would tend to prove that taxes in any amount were withheld for the plaintiff in 1958. Further, the plaintiff's witness, Juan Mijares, a Mexican tax lawyer, testified that he did not know whether any sums were withheld and paid to the Mexican Treasury as taxes in 1958.

Without giving any reason why a receipt or some direct evidence could not be provided, the plaintiff offers the following evidence as proof that taxes in the amount of $6,453.60 were withheld by the Mexican railroads for car rentals in 1958:

1) The plaintiff's copy of a purported Mexican income tax return for the year 1958; (2) the revenue agent's report allowing the $6,453.60 as a deduction from gross income for foreign taxes paid (and testimony to this effect); and (3) the defendant's Exhibit Q, which is Form 1118 of the plaintiff's 1958 United States Income tax return.

■ The copy of the purported Mexican income tax return was marked Exhibit 1. The plaintiff offered Exhibit 1 during the testimony of the first witness. The defendant's attorney requested and was granted the right to voir dire examination with respect to Exhibit 1 before the court passed on his objection to the admission thereof. The voir dire examination disclosed that Exhibit 1 was supposedly prepared by a law firm in Mexico and the witness had no personal knowledge with respect to its preparation or filing, but only that it was in plaintiff's files. The court informed the plaintiff's attorney that he "would permit its introduction for what it was worth" if he wanted to so introduce it, but indicated that he did not believe that such introduction would show it had been filed. The plaintiff's attorney advised the court he had a witness present who was a partner in the law firm that prepared Exhibit 1. The court then suggested the introduction of Exhibit 1 be delayed until it was properly identified and sustained the objection to Exhibit 1 until plaintiff further identified it, to which the plaintiff's attorney said, "All right, your Honor. * * * I'll hold it and connect it up." There was subsequently no proof of either the preparation or filing of the purported return (Exhibit 1). Exhibit 1, absent a showing of filing, would in no way show the payment of a tax.

■ The allowing of the $6,453.60 as a deduction from gross income by the Revenue Agent does not furnish sufficient proof that this amount was actually withheld by the Mexican railroads, especially in the absence of official tax receipts of Mexico, which the report indicates the plaintiff has but was not produced at the trial.

The defendant's Exhibit Q (Form 1118) is always filed when a foreign tax credit is claimed by a corporation. It does not in and of itself provide any evidence that taxes in any amount were actually withheld by the Mexican railroads; in fact, Regulation 1.905–2 provides that it should be accompanied by other proof. In the final analysis there is no competent evidence that taxes in any amount were withheld by the Mexican railroads for car rentals from the plaintiff in 1958 or that any taxes were otherwise paid.

218

■■ For the foregoing reasons, the plaintiff has failed to meet its burden of proving that any sums were withheld by the Mexican railroads or that any taxes were paid, and is, therefore, not entitled to recover in this action. Since the plaintiff has failed to prove that it is entitled to a credit in any amount, this court has not considered the second and third issues set out above.

The court adopts this memorandum opinion as its Findings of Fact and Conclusions of Law, and the clerk of the court is directed to enter judgment in favor of the defendant.