**ST. LOUIS–SAN FRANCISCO RAILWAY CO.**

v.

**The UNITED STATES.**

Nos. 289–65, 303–66.

United States Court of Claims.

Nov. 14, 1969.

———————◆———————

George K. Dunham, Washington, D. C., for plaintiff; Robert T. Molloy, Washington, D. C., attorney of record.

E. Alan Moorhouse, Washington, D. C., with whom was Asst. Atty. Gen. Johnnie M. Walters, for defendant.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS, COLLINS, SKELTON, and NICHOLS, Judges.

## ON PLAINTIFF'S REQUEST FOR REVIEW OF COMMISSIONER'S ORDER GRANTING DEFENDANT'S MOTION TO FILE AMENDED ANSWER

LARAMORE, Judge.

This case arises on plaintiff's request for review of Trial Commissioner Fletcher's Order wherein he permitted the defendant to file amended answers in the above consolidated cases, raising two setoff claims relating to the accounting treatment for second-hand rail and welded rail.

██ The objection raised by plaintiff to the commissioner's ruling is that the amendment comes too late and will permit defendant to unduly prolong the litigation and, consequently, constitutes an abuse of the trial commissioner's discretion.

The petition in case #289–65 relating to the taxable years 1953 through 1958 was filed on August 18, 1965. Defendant originally answered on February 14, 1966. The petition in case #303–66, relating to the taxable years 1959 through 1962, was filed on August 17, 1966 and the answer was filed on March 15, 1967. By order dated August 23, 1966 these cases were consolidated.

The short answer to the controversy now before us is two-fold; *i. e.*, in Missouri Pacific Railroad Co. v. United States, 338 F.2d 668, 168 Ct.Cl. 86 (1964), the court held as follows:

\* \* \* (2) as outlined above, our trial commissioners should make a determination at pre-trial as to the reasonableness and adequacy of the government's setoff defense. If, after an examination of the pleadings and materials furnished by the government at pretrial, the trial commissioner determines that the contention raised by the setoff has substance, then the burden is on the taxpayer to prove the validity of the challenged item raised by the answer in setoff.

Admittedly, the instant case is still in the pre-trial stage, and we are not convinced that any substantial rights of plaintiff will be adversely affected by the trial commissioner's order.

Furthermore, the setoff defenses raised in this case were raised and allowed as additional defenses in Chicago, Burlington & Quincy Railroad Co. v. United States, Ct.Cl. No. 149–65, and Missouri Pacific Railroad Co. v. United States, Ct. Cl. Nos. 142–67, 95–68. In this posture it would be manifestly inconsistent to permit the setoff to be raised in these two cases and refuse to permit it in the instant case.

██ This is not to say that the government may unduly delay the raising of the issue, and we now warn that any undue delay on the part of the government will result in the denial of the right to raise setoff defenses. In other words, we hold that the defense must be raised at the earliest possible stage in the proceedings.

For the above reasons, we deny the plaintiff's request for review and affirm the trial commissioner's order of May 19, 1969.

SKELTON, Judge (concurring):

I agree with the result reached in this case mainly for three reasons:

(1) The plaintiff has not shown any specific injury it would suffer if the defendant is allowed to file the amendment; (2) the amendment is being filed at the pretrial stage of the proceedings; and (3) we allowed defendant to file an

amended answer raising the same set-off issues as those involved here in Chicago, Burlington & Quincy Railroad Co. v. United States, Ct.Cl. No. 149–65, and Missouri Pacific Railroad Co. v. United States, Ct.Cl. Nos. 142–67 and 95–68, now pending before this court.

Were it not for these facts, the arguments of the plaintiff would be very convincing. Furthermore, at oral argument, counsel for the government in the case before us could give no reason or excuse for its delay except the issuance of the Revenue Ruling in 1967 relied on in filing the amendment. I do not consider this to be a valid reason. The holding of the court in Freeman v. Continental Gin Co., 381 F.2d 459, 468, 469 (5th Cir. 1967), could be invoked against the defendant, namely:

> * * * Leave will be denied unless he shows some "valid reason for his neglect and delay." * * *

The question could be a close one except for the reasons stated in the beginning. Consequently, it should be emphasized that our decision here should not be taken as a precedent in future cases for late or delayed filing of amended pleadings by either party.