The **AETNA CASUALTY AND SURETY COMPANY**, Plaintiff-Appellee,

v.

**UNITED STATES of America et al.,**
**Defendants-Appellants.**

No. 29169.

United States Court of Appeals,
Fifth Circuit.

Dec. 29, 1970.

Kenneth J. Mighell, Asst. U. S. Atty., Dallas, Tex., Eldon B. Mahon, U. S. Atty., Fort Worth, Tex., Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Karl Schmeidler, Crombie J. D. Garrett, Attys., Dept. of Justice, Washington, D. C., for defendants-appellants.

James A. Williams, Bailey, Williams, Weber & Allums, Dallas, Tex., for plaintiff-appellee.

Before RIVES and SIMPSON, Circuit Judges, and NICHOLS, Judge of the Court of Claims.*

NICHOLS, Judge:

This case comes up on appeal by the Government from an order of the court below granting plaintiff's motion for summary judgment.

The plaintiff is a surety under the Miller Act, 40 U.S.C. § 270a et seq., on a contract for the construction of park roads on the McGee Bend Dam and Reservoir, Angelina, Texas. The question presented here is like that stated in the controlling case of Trinity Universal Insurance Company v. United States, 382 F.2d 317, 318 (5th Cir. 1967):

> This case presents the clear-cut issue of whether, when a Miller Act surety completes a defaulted contract pursuant to its performance bond, the government may set off taxes owed by the contractor against the surety's claim to the fund retained by the government to insure performance.

The facts are stipulated. Earl W. Nunneley and U. S. Paving Corporation (hereinafter contractor) entered into contract No. DA–41–443–CIVENG–63–1449 with the U. S. Army Corps of Engineers for the construction of the aforementioned roads. In response to an application by the contractor, plaintiff agreed to act as surety and issued its performance and payment bonds.

Sometime after commencement of performance, the contractor became financially unable to complete the contract, whereupon the plaintiff, by agreement with the contractor, undertook to discharge the obligations thereunder. Plaintiff completed the contract to the satisfaction of the Corps of Engineers and in so doing expended in performance sums in excess of receipts and in excess of the contract price.

The Corps of Engineers held retained funds in the amount of $216,712.86, which became the subject of a levy by the Internal Revenue Service for taxes owed by the contractor in the total amount of $184,052.99. The plaintiff made demand for the entire retained sum but the Corps of Engineers refused to pay. Plaintiff then brought this suit in the District Court.

Only a portion of the taxes in question were directly attributable to jobs bonded by the plaintiff and none were incurred subsequent to the time plaintiff began performance. All such taxes incurred subsequent to the time plaintiff began performance have been paid.

There is no longer any question of the law involved in a situation such as this. Whether the surety entered a specific agreement with the *Government* to complete the contract, as in *Trinity, supra,* or made such an agreement with the defaulting *contractor,* as here, is immaterial. The applicable rule was stated in *Trinity* at 320:

> * * *. The surety who undertakes to complete the project is entitled to the funds in the hands of the government not as a creditor and subject to set off, but as a subrogee having the same rights to the funds as the government.
>
> * * * * * *

The defendant, while not asking us to overrule our holding in *Trinity,* refers us to Standard Accident Insurance Company v. United States, 97 F.Supp. 829,

---

* Sitting by designation as a member of this panel.

119 Ct.Cl. 749 (1951), a case arising in the Court of Claims which resulted in a contrary decision. Not only did this court reject the holding of that case in *Trinity,* but the Court of Claims itself specifically overruled it in the recent case of Security Insurance Company of Hartford v. United States, 428 F.2d 838, 192 Ct.Cl. 754 (1970), in which it decided to follow *Trinity* as stating the better rule. *See* also National Shawmut Bank of Boston v. New Amsterdam Casualty Company, 411 F.2d 843 (1st Cir. 1969).

▋ The defendant's brief states the issue as revolving around the relative rights of the parties to the retained funds when the surety is claiming under its *payment* bond. For reasons fully explained in the cited cases, the situation there would be different and the surety's claim would be subject to set off for taxes. Here, however, the stipulation shows that Aetna expended in *performance* sums "in excess of receipts and in excess of the contract price." What defendant really wishes us to think is that a surety who has issued both performance and payment bonds, and who completes a contract to avert a default, incurs expense under its payment bond, not under its performance bond, to the extent the costs are attributable to payments to labor and materialmen. The stipulation here fails to state that the costs of performance were for labor and material, but defendant wishes us to assume they were. Suppose they were, and in such cases no doubt usually they are, defendant's gloss would suck all the meaning out of the *Trinity* rule, and leave it an empty shell. That payments by a surety which has issued both performance and payment bonds, and which completes performance after default, are under the performance bond even if paid to labor and materialmen, appears clearly from North Denver Bank et al. v. United States, 432 F.2d 466, 193 Ct.Cl. —— (decided October 16, 1970). It seems evident that a surety having only a payment, not a performance bond, would not be under any obligation to bring in labor and materialmen to complete the contract and would not do so, for its liability under the payment bond runs only to such persons who have been brought in by someone. It is the performance bond which generates the self-interest of the surety to achieve completion when the principal has failed or is failing. Even then, as explained clearly in *Trinity,* the surety could hold off and let the Government complete, in which case it would be liable for any excess of the cost of completion over the remaining unpaid contract price, but not of course for the principal's unpaid taxes. If the surety completes, it benefits the Government and stands in its shoes as subrogee, not as a mere creditor subject to set off. It may not be penalized by being made liable for the taxes, which otherwise it would not be. These reasons do not apply with any less force because the costs of completion comprise payments for labor and materialmen.

A recourse to the reasons for the *Trinity* rule also serves to refute the argument that the surety's completion of the contract followed an agreement by it to do this, entered into with the principal, rather than with the Government. Evidently the performance bond is tailored to make the surety's intervention at the proper time automatic and self-generated. If it serves its purpose, defendant cannot complain.

▋ Defendant urged in oral argument that there were contested issues of fact and the case should not have been decided on cross motions for summary judgment. This is an afterthought as the brief does not cover it. We think the point was long ago waived if there was ever anything in it. Defendant would now like to have shown specifically that the surety's payments to obtain performance went to labor and materialmen, but what we have said already shows that such showing would not help defendant.

Accordingly, the order of the District Court granting summary judgment to the plaintiff is hereby affirmed.

Affirmed.