"This case is before the court, without oral argument, on plaintiffs motion for voluntary dismissal of his own petition with prejudice and defendant’s opposition thereto, as well as on defendant’s motion for leave to file an amended answer and counterclaim and plaintiffs opposition. Plaintiff filed his petition on May 7, 1976, in which he sought the refund of $262.71, under 26 U.S.C. §§ 6532(a) and 7422, from the Internal Revenue Service (IRS); this sum was collected from plaintiff as part of a much larger IRS assessment against him, arising out of his employment with Management Technology, Inc. (MATI). For the quarters ending September 30, 1969 and December 31, 1969, MATI failed to pay over to the IRS income taxes and social security taxes (FICA taxes) which it collected or should have collected from its employees; plaintiff was assessed a 100% penalty for this failure under 26 U.S.C. § 6672 as a person responsible for MATI’s failure to pay over the taxes to the IRS.
"Plaintiff filed his motion for voluntary dismissal with prejudice, under our Rule 102(a)(2), on December 29, 1976, claiming that the cost of the suit, for the small sum sought by the petition, was no longer justifiable. On January 12, 1977, defendant filed its motion for leave to amend its answer and to assert a counterclaim. Each party has opposed the other side’s motion.
*743 Defendant’s counterclaim is for $12,804.18 which represents the balance of the IRS assessment against plaintiff plus a lien fee; this counterclaim was not pleaded in defendant’s initial answer to plaintiffs petition, filed August 5, 1976, due to an administrative error in the IRS records. The outstanding assessment against plaintiff was recorded in the Philadelphia, Pennsylvania office; when plaintiffs account was transferred to the Memphis, Tennessee office, the Philadelphia office registered a credit of over $12,000 to plaintiffs account, to produce a zero balance due to it. Thus, when defendant filed its answer, it assumed that all the assessment had been paid; after plaintiffs counsel informed defendant that plaintiff had made no such payment beyond the $262.71 installment, defendant told plaintiffs counsel that a counterclaim might be filed, contacted the IRS, and discovered the accounting error. Plaintiff apparently filed his motion to dismiss his own petition with prejudice in order to foreclose defendant from ever bringing an action to recover the unpaid balance of the assessment.
"While defendant’s counterclaim is compulsory under our Rule 40(a) and should have appeared in the answer, Rule 40(e) allows defendant to plead a counterclaim which was omitted from the answer through oversight, inadvertence, or excusable neglect. We think that Rule 40(e) applies here and that the interests of justice will be served by allowing defendant to set up its counterclaim by amendment. There is no unfair surprise to plaintiff, for he surely knew that he had not paid the monies with which the IRS had credited his account; indeed, plaintiff was the first one to inform defendant of the discrepancy. Nor is there any validity to plaintiffs argument that the counterclaim is barred by the statute of limitations; 26 U.S.C. § 6502 gives defendant six years in which to bring suit after the IRS assessment. The assessment was made on May 21, 1973, well within the limitation period.
"Under our Rule 102(d), the court will not, against defendant’s objection, dismiss an action over which the court has jurisdiction and in which defendant has pleaded a counterclaim or filed a motion to plead a counterclaim, unless the counterclaim is also to be dismissed. Since we *744 here allow defendant to file its counterclaim, it follows that plaintiffs petition should not be dismissed.
"it is therefore ordered and concluded that plaintiffs motion for voluntary dismissal of his petition with prejudice is denied, defendant’s motion for leave to file an amended answer and counterclaim is granted, and the case is returned to the Trial Division for further proceedings.”