This is a request by defendant for interlocutory review of the trial judge’s refusal to allow the Government leave to amend its answer to raise a new offset in this income tax refund suit. Plaintiffs petition was filed in May 1971 but for various reasons the case is not yet ready for trial. The Government’s motion for leave to assert the new offset was made in December 1977. After some preliminary steps (not necessary to be detailed), Trial Judge Wiese denied, on April 21, 1978, leave to amend the answer and certified his ruling for interlocutory review under Rule 53(c)(2)(i).
The potential offset involves the same tax (income) and the same years (1958-1960) as in plaintiffs refund suit. In that situation the Government has a settled right to interpose an offset (Dysart v. United States, 169 Ct. Cl. 276, *732 340 F.2d 624 (1965)) if it does not delay unduly (St. Louis-San Francisco Ry. v. United States, 189 Ct. Cl. 280, 282, 417 F.2d 1359, 1360 (1969); see also Dysart, supra, 169 Ct. Cl. at 285, n.10, 340 F.2d at 630 n.10). Here, the trial judge determined that there had been such undue delay.
We cannot say, from what we have before us, that the trial judge abused his discretion in so ruling. This is a complex case, filed over seven years ago; there has been much labor by both sides in efforts to settle, to stipulate the facts, and to complete discovery but, without any fault, the action is still not ready for trial or other disposition. If leave were now granted to add the new offset, an additional issue would be inserted, and at best it is uncertain whether that new issue will entail further discovery, dispute over relevant facts, or other inquiry into a factual setting.[1] On the other hand, plaintiff makes a prima facie showing that defendant should have realized, at a much earlier time, the existence of the new issue sought to be raised in the additional offset.[2] Defendant’s reply is that nevertheless plaintiff suffered no prejudice, but we think it reasonable to conclude that, in a case of this vintage, complexity, and expenditure of effort, it is prejudice enough to introduce, at so late a stage, a new issue which defendant does not demonstrate can be resolved without further factual disputes, substantial factual inquiry by taxpayer, or other delay. Rule 1 of our rules provides that the rules are to be so construed "as to promote the just, speedy, and inexpensive determination of every action.” Accordingly, we hold that the trial judge did not abuse his discretion in holding that the Government’s delay in asserting the offset was undue.
it is therefore ordered and concluded that defendant’s request for prompt review is granted, but the trial judge’s order of April 21, 1978, is affirmed.
*733 Defendant’s motion for reconsideration denied September 29, 1978.

 Defendant says in its "Reply to Plaintiffs Opposition to Defendant’s Request for Prompt Review” that "The types of transactions involved in this action are varied and numerous, and the factual settings in which those transactions may arise are myriad. The offset issue which we seek to raise in this case concerns the source of income arising from a particular type of transaction in a particular factual setting.”

 Taxpayer has supplied uncontradicted affidavits asserting that agents of the Internal Revenue Service were long ago aware of how plaintiff treated the income which is the subject of the new offset (i.e. as foreign-sourced income), and that they accepted such treatment. Moreover, the original petition in this court alleged that "in many instances” the Government treated such income as "from sources without the United States.”