This tax refund case is before the court on plaintiffs request, pursuant to Rule 53(c)(2)(ii), for review of the trial judge’s December 26, 1978, order allowing defendant leave to file a first amended answer. For reasons which follow, the request is denied.
At issue in this case is plaintiffs claim for an income tax refund of $39,508, plus interest assessed as a deficiency against and paid by plaintiff for his 1971 taxable year. Defendant’s original answer to the pleadings, filed approximately 1 year ago, raised no setoff defenses. However, after conducting substantial discovery, defendant, on November 22, 1978, moved for leave to file its first amended answer which raised five setoff defenses amounting to $600,109.44 attributable to five separate investments by plaintiff in his 1971 taxable year. The trial judge allowed defendant’s motion by order of December 26, 1978. It is that order for which review is now sought.
Rule 53(c)(2)(ii) establishes a strict standard for interlocutory review of a trial judge’s procedural order. To avoid interrupting the course of litigation in the trial division for piecemeal appeals, the rule requires the aggrieved party to make a "showing of extraordinary circumstances whereby further proceedings pursuant to the said order would irreparably injure the complaining party or occasion a manifest waste of the resources of the court or of the parties.”
To satisfy this standard, plaintiff attempts to persuade this court that allowing the trial judge’s order to stand will cause plaintiff irreparable injury through sanctioning an allegedly "unfounded and unfocused” reaudit of every major item on plaintiffs 1971 tax return. Requiring plaintiff to defend against such a reaudit in the context of his suit for a relatively small tax refund will, plaintiff continues, place him in the untenable position of having to choose between abandoning his claim or facing litigation costs far exceeding the value of the claim. Plaintiff argues *626 further that forcing plaintiff to litigate the "unfounded” claims raised by defendant’s amended answer will also cause a manifest waste of his resources and compel him to give up his claim for a refund.
We are not persuaded by plaintiffs arguments. The circumstances he cites to justify his request for review are not extraordinary. Every plaintiff who wishes to seek a tax refund, of whatever size, faces the possibility that the Government will raise setoff defenses of substantial amounts. The Government has a settled right to raise such defenses, regardless of the amount of the plaintiffs original claim, as long as the setoff involves the same kind of tax, the same taxpayer, and the same taxable year as the plaintiffs claim. See Dysart v. United States, 169 Ct. Cl. 276, 340 F.2d 624 (1965); Missouri R.R. v. United States, 168 Ct. Cl. 86, 338 F. 2d 668 (1964). We are in no position now to say that defendant’s defenses in this case are unfounded. That is for the trial judge to determine in the first instance.
Interlocutory review of a trial judge’s procedural order disrupts and delays the course of litigation. We have therefore held that such review is to be granted only in exceptional circumstances requiring immediate action to resolve a controlling legal issue or to protect a litigant’s fundamental rights. Bennett Box & Pallet Co. v. United States, 218 Ct. Cl. 636 (1978). We find no such exceptional circumstances present in this case.
it is therefore ordered that plaintiffs request for review is denied. The case is remanded to the trial division for further proceedings.