Pleading and practice; compulsory counterclaims; amendment of pleadings; timeliness. — On February 1, 1980 the court entered the following order:
*612 Before Davis, Judge, Presiding, Kunzig and Bennett, Judges.
The issue in this case, before the court on plaintiffs motion to dismiss defendant’s counterclaim, involves the propriety and timeliness of that counterclaim. Because we find the counterclaim to have been filed in a timely manner within the procedures outlined by our rules, we hold for the Government.
Plaintiff filed the petition in this case on August 2, 1979, seeking wages he claims were wrongfully denied him by the Marine Corps while he was incarcerated awaiting trial by court-martial. The Government filed its answer to the petition on October 1, 1979. Subsequently, on October 31, 1979, defendant filed the counterclaim in issue here, doing so in the form of an amendment to the answer it had filed 30 days earlier.
Plaintiff, in urging us to dismiss the counterclaim, argues that the pleading filed October 31 by the Government is not a genuine amendment but simply a counterclaim the Government omitted in its original answer. Plaintiff supports this contention by stating that, because defendant failed to set up the counterclaim in its answer, (as required for compulsory counterclaims by Rule 40(a)) the counterclaim is late. Plaintiff further argues that Rule 40(e) allows such omitted counterclaims to be filed late only with leave of court. Since defendant did not seek leave to file the counterclaim, the argument concludes, we should not now allow the counterclaim to be considered.
Plaintiff also argues that, while his claim is timely, the counterclaim is barred by the six-year statute of limitations found in 28 U.S.C. § 2501 (1976).
In response, defendant argues that its counterclaim was timely filed. Acknowledging that Rule 40(a) required defendant’s compulsory counterclaim to be included in its answer, defendant notes that Rule 39(a) allowed the Government 30 days as of right in which to amend its answer without seeking leave of court. Since the amendment was filed within 30 days, defendant contends that the counterclaim was timely and properly filed and that leave was and is unnecessary, since establishing the counterclaim by an amendment accomplishes the same result as including it in the answer originally filed.
*613 Defendant also notes an exception to the six-year limitations period, arguing that 28 U.S.C. § 2415 (£) (1976) allows counterclaims by the Government which arise out of the same incidents giving rise to a plaintiffs timely claim, regardless of the six-year period.
We agree with defendant.
Setting up a counterclaim by way of amendment to a pleading is recognized as proper under our rules. See Blackburn v. United States, 214 Ct.Cl. 742 (1977); St. Louis-San Francisco Railway Co. v. United States, 189 Ct.Cl. 280, 417 F. 2d 1359 (1969); Rule 40(e). Accord, Moore-McCormack Lines, Inc. v. United States, 175 Ct.Cl. 496 (1966).
It is equally true that under Rule 39(a) defendant had 30 days in which to amend its answer without asking leave of court. Since counterclaims may be set up by way of amendment, and since this counterclaim was set up as an amendment within the 30 days allowed for amendment, we see nothing improper about the form in which it was filed.
We also agree with defendant that the six-year limitations period does not bar this counterclaim. 28 U.S.C. § 2415(f) (1976) does indeed provide that expiration of the six-year period "shall not prevent the assertion, in an action against the United States ... of any claim of the United States . . . against an opposing party . . . that arises out of the transaction or occurrence that is the subject matter of the opposing party’s claim.”[1]
In sum, since the counterclaim at issue here was timely filed in compliance with our rules, we will allow the Government to proceed with its counterclaim against plaintiff.
Accordingly, after consideration of the parties’ submissions but without oral argument, it is ordered that plaintiffs motion to dismiss defendant’s counterclaim is denied. The case is remanded to the trial division for further proceedings.

 While plaintiff has asserted that the six-year period found in 28 U.S.C. § 2501 bars the Government’s counterclaim, we note that the section specifically governing claims brought by the Government is 28 U.S.C. § 2415, wherein the quoted exception is found.