Contracts; disputes; interlocutory review; counterclaim jurisdiction; sua sponte review; remand to Contract Appeals Board. — On March 7, 1980 the court entered the following order:
Before Kashiwa, Judge, Presiding, Skelton, Senior Judge, and Bennett, Judge.
This government contract case is before us in a rather complicated procedural posture that requires some explanation. Plaintiff was awarded a contract by defendant, acting through the General Services Administration (GSA), to furnish automated data processing equipment, software and related services to the Social Security Administration. After the equipment failed certain tests, the contracting officer terminated plantiff for default and assessed excess reprocurement costs. Plaintiff appealed both the default termination and the excess reprocurement cost assessment to the GSA Board of Contract Appeals (GSABCA). The reprocurement issues were suspended pending a determination on the default issues. The default issues were tried and the termination upheld. The reprocurement docket was then dismissed without prejudice pending an appeal to this court of the decision upholding the default termination.
In its petition to this court, plaintiff added a second count for breach of contract, for relief outside the Wunderlich Act, 41 U.S.C. §§ 321, 322 (1976). Defendant answered and counterclaimed for the excess reprocurement costs as *634 required by the compulsory counterclaim rule. Ct. Cl. Rule 40(a). The court vacated the GSABCA decision and remanded to the board for further proceedings on the default termination issue in keeping with the court’s order. Inforex, Inc. v. United States, 216 Ct. Cl. 484 (1978). The court also requested findings on the reprocurement issues, should the board still uphold the default termination, and suspended the breach claim until after the administrative proceedings were finished. The court suspended all proceedings in this court pending a new GSABCA determination for a period not to exceed 6 months.
That period was twice extended on plaintiffs unopposed motions. The first time the period was extended for 90 days, the second until the GSABCA decided plaintiffs motion for summary judgment on the issue of reprocurement costs filed before the board. The reprocurement docket had been reinstated and consolidated with the remanded default termination proceedings. The board denied plaintiffs motion on the ground that there was a disputed issue of material fact.
Plaintiff then made a motion here for leave to file a motion for summary judgment to reserve the board’s denial of summary judgment on the reprocurement cost issue. The time extensions for administrative proceedings had expired. Defendant opposed the motion for leave and filed a motion to have the remand period extended once again so that trial could be had at the administrative level. Plaintiff opposed such extension. The trial judge granted plaintiffs motion for leave since, if the board had erred, plaintiff should not have to incur the time and expense of an evidentiary hearing. The trial judge denied defendant’s motion for an extension.
Plaintiff then filed a motion for partial summary judgment to reverse the board’s denial of summary judgment on the reprocurement cost issue. Defendant opposed the motion and included in its brief a request for review of the trial judge’s ruling granting plaintiffs motion for leave. Plaintiff then moved to strike the request for review as not permitted by our rules. The trial judge denied the motion to strike and defendant’s request for review was considered to be simply a preservation of the point. The papers relating to *635 the motion to strike were to be presented to the court when it considered the motion for partial summary judgment. The trial judge later referred the motion for partial summary judgment to the court as involving only an issue of law under section 2 of the Wunderlich Act, 41 U.S.C. § 322 (1976), under former Ct. Cl. Rule 166(b).
To summarize the situation, we are now presented with an interlocutory review of administrative proceedings on the excess reprocurement cost issues. These are not the issues we had before us and remanded when plaintiff came here originally. The motion before us is only for partial summary judgment and will not dispose of the case entirely no matter how it is decided. We are also presented with the problem of the timing of defendant’s request for review of the trial judge’s order granting leave to plaintiff to file a motion for summary judgment. We consider this last point first.
It appears there is no specific provision in our rules that provides for defendant’s request at this point to review the trial judge’s ruling granting plaintiffs motion for leave to file a motion for summary judgment. Ct. Cl. Rule 53(c) concerns review of procedural orders by trial judges. It permits a request for review in the first brief filed in connection with summary judgment motions under Ct. Cl. Rule 101, but not for corresponding summary judgment motions under Ct. Cl. Rule 163 for Wunderlich Act cases. This does not prevent us from considering the trial judge’s action. We may review his order sua sponte under Ct. Cl. Rule 13. Since we feel this is the heart of the case at this point, we will exercise our power to review the trial judge’s order.
Defendant argues that the trial judge was wrong to grant plaintiffs motion for leave because we have no jurisdiction over the case now and plaintiff has failed to exhaust its administrative remedy by getting a final decision from the GSABCA. However, plaintiff had already gotten a final decision on the default issue and we had jurisdiction over that part of the case when plaintiff first came to this court. We also had jurisdiction over defendant’s counterclaim for excess reprocurement costs under 28 U.S.C. § 2415(f) (1976). Simmonds Precision Products, Inc. v. United States, 212 Ct. *636 Cl. 305, 316, 546 F.2d 886, 892 (1976); see Universal Fiberglass Corp. v. United States, 210 Ct. Cl. 206, 219, 537 F.2d 393, 399-400 (1976). When we. remanded to the GSABCA for further proceedings we simply suspended proceedings in this court for a time, but we did not thereby lose jurisdiction over the case.
The real question is whether the case is currently ripe for review. We hold that it is not. Plaintiff has not cited a single Wunderlich Act case that involves interlocutory review of an order by an administrative tribunal. We know of none. Yet plaintiff would have us hold the case ripe for review on the basis of Abbott Laboratories v. Gardner, 387 U.S. 136 (1967). That is not an appropriate precedent. In Abbott, 37 individual manufacturers of prescription drugs and an association representing more than 90 percent of the industry sued to strike down a regulation which, if upheld, would have had an immediate impact on the day-today business of all prescription drug companies. 387 U.S. at 138-39, 152. In the instant case we have a single plaintiff attacking an order that affects no one but itself. That order may even have no effect on plaintiff should it win at trial, except for the expense involved in the trial itself.
Plaintiffs only reason for seeking interlocutory review is that it wants to avoid the expense of proceeding with trial. But plaintiff is not facing some mammoth litigation. Even were we to grant its motion that would not end the administrative proceedings. Furthermore, this appeal is particularly premature because the board still has not made a new determination on the default issues after the remand. If the board finds that the contract should not have been terminated for default, defendant will have no claim at all for excess reprocurement costs. Bailey Specialized Buildings, Inc. v. United States, 186 Ct. Cl. 71, 86-87, 404 F.2d 355, 363 (1968). We simply refuse to take this appeal from the denial of a motion for summary judgment. Cf. Mahoney v. United States, 219 Ct. Cl. 624 (1979) (interlocutory review of trial judge’s procedural order denied).
We express no opinion whatsoever on the merits of plaintiffs arguments for summary judgment.
It remains to be decided what to do with the case at this point. We still have not gotten the determination we *637 requested in our previous order in this case on the threshold issues of the default termination. We have held that the trial judge erred in granting plaintiffs motion for leave to file for partial summary judgment on the repro-curement issues. At the same time he denied defendant’s motion for an extension of time for the administrative proceedings to be completed. We think it proper to grant that motion at this time.
it is therefore ordered that the case is remanded to the General Services Board of Contract Appeals for further proceedings. All proceedings relating to this case in this court are stayed pending completion of the administrative proceedings, for a period not to exceed 6 months. Plaintiffs motion for partial summary judgment is denied. The attorney of record for plaintiff is designated to advise the court, by letter to the trial judge (with a copy to opposing counsel) of the status of the administrative proceedings, such advice to be given at intervals of 90 days or less, beginning with the date of this order.