**INTERNATIONAL FIDELITY INSURANCE CO.,**
Plaintiff,

v.

**The UNITED STATES of America, Defendant.**

No. 91–1290C.

United States Court of Federal Claims.

Nov. 13, 1992.

---

Daniel J. Mitterhoff, Washington, D.C., for plaintiff. Neil L. Henrichsen, of counsel.

Christopher R. Yukins, U.S. Dept. of Justice, Washington, D.C., for defendant, with whom were Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, and Thomas W. Petersen, Asst. Director. Major Mackey Ives, U.S. Army Litigation Center, David Mungo, Internal Revenue Service, Lieutenant Colonel Rex Fuller and Bryan O'Boyle, Dept. of the Air Force, of counsel.

## OPINION

MARGOLIS, Judge.

This case is before the court on the defendant's motion for summary judgment and the plaintiff's cross motion for summary judgment. The plaintiff was a surety for a construction company that contracted to perform work for the United States Army ("Army"). The contractor went bankrupt before it completed performance, and the Army has retained part of the contract proceeds it owed to the contractor.

The plaintiff and the Internal Revenue Service both claim entitlement to the contract proceeds. After a careful review of the record, and after hearing oral argument, this court denies both motions for summary judgment.

## FACTS

On September 8, 1987, the Army awarded a contract to Morin Industries, Inc. ("Morin"), to perform painting and repair work on certain buildings at the Army's White Sands Missile Range. Morin contracted with the plaintiff, International Fidelity Insurance Corporation ("IFIC"), whereby IFIC issued both payment and performance bonds on behalf of Morin and named the United States as obligee. These bonds were designed to guarantee performance of the project and to guarantee proper payment to subcontractors and suppliers on the project. Morin abandoned the project without completing the work on June 15, 1988 and relinquished the contract to IFIC as surety. The Army terminated Morin for default for failure to perform the contract. The Army retains $20,836.23 which it owes on the contract.

IFIC completed the project at the White Sands Missile Base. IFIC claims that, to fulfill its surety obligations, it made payments to laborers and materialmen in excess of $27,500. The parties dispute whether IFIC made these payments pursuant to its payment bond or its performance bond obligations. IFIC now seeks the remaining contract funds that the Army is retaining. The Army has refused to pay because there is a competing claim to the funds; the Internal Revenue Service claims the funds because of $69,168.13 in delinquent taxes, penalties and interest owed by Morin.[*]

There are two central disputes in this case. One dispute is whether the plaintiff made payments pursuant to its performance bond obligations or its payment bond obligations. The distinction is critical,

_____

[*] One competing claim came originally from Valley Bank of Security Colorado, but Valley Bank has recently withdrawn its claim to the funds.

because the parties agree that only claims made pursuant to payments under a performance bond have priority over the IRS claim.

The second dispute is procedural. The plaintiff argues that the IRS' claim to the contract funds is procedurally defective and therefore cannot be heard by the court. The plaintiff claims that the defendant failed to adequately plead the IRS claim to the contract funds. The plaintiff characterizes the claim as a setoff, and argues that setoffs must be affirmatively pleaded. The plaintiff also claims that the IRS claim is inadequately supported.

## DISCUSSION

*Payment Bond Versus Performance Bond*

■ Settled case law has established that the government is entitled to setoff IRS tax debts against claims made under a payment bond, but not against claims made under a performance bond. *Aetna Casualty and Sur. Co. v. United States*, 845 F.2d 971, 974 (Fed.Cir.1988); *Morrison Assurance Co. v. United States*, 3 Cl.Ct. 626, 632 (1983); *United States Fidelity & Guar. Co. v. United States*, 201 Ct.Cl. 1, 12, 475 F.2d 1377 (1973).

The defendant presents a threshold issue. The defendant argues that paragraph 9 of the complaint unequivocally states that the plaintiff made payments of $22,200.86 pursuant to its payment bond obligations. The defendant argues that the statements in the complaint are binding against the plaintiff.

The plaintiff reads the complaint differently. It notes that paragraph 8 averred that the plaintiff completed the White Sands Project, and paragraph 19 states:

19. By virtue of Plaintiff IFIC's completion of the White Sands, Sheppard Base and Cannon Base Projects, Plaintiff IFIC, through its right of equitable subrogation, has become entitled to receive the remaining contract balance on the White Sands Project of $20,836.23.

Complaint, para. 19. The plaintiff reads the complaint as asserting alternative theories of recovery.

■ The court rejects the defendant's contention that the plaintiff only asserted that these payments were made under its payment bond. Although paragraph 9 of the complaint characterized those payments as having been made under the payment bond, paragraph 19 states the alternative theory that the payments were made under the performance bond. The allegations of a complaint must be read as a whole and construed liberally. Under the federal rules, parties may assert inconsistent allegations, and will not be forced to select a theory on which to seek recovery. *Molsbergen v. United States*, 757 F.2d 1016, 1018–19 (9th Cir.1985). RUSCC 8(e)(2) states that a party "may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses," and RUSCC 8(f) obligates this court to construe the pleadings so as to do substantial justice.

Reading the complaint as a whole, in particular paragraphs 9 and 19, the court finds that it states alternative theories of recovery. Accordingly, this court rejects the defendant's argument that the complaint only characterizes the payments as having been made under the payment bond.

■ Moving to the merits, the court finds that there is a genuine issue of material fact as to whether these payments were made under the plaintiff's payment bond or performance bond obligations. Federal Circuit precedent suggests that determining which bond obligations apply is a question of fact. In *Aetna Casualty and Sur. Co. v. United States*, 845 F.2d at 975–76, the court stated that "whether a surety is a performing or paying surety must be determined by an objective analysis of all the facts and circumstances of the particular case." That court held that a surety made payments under its performance bond. The facts the Federal Circuit court relied on to reach this conclusion included the fact that the defaulting contractor was "request[ing] Aetna's assistance in *com-*

*pleting* the Aetna Bonded Contracts," 845 F.2d at 975 (emphasis in original), the fact that the surety exceeded the limit of its payment bond liability, the fact that it paid funds directly to the contractor, and the fact that the surety paid the contractor's expenses for taxes, insurance and overhead, for which it had no liability under its payment bond. *Id.* at 975–76. These kinds of details are missing from this record.

There is little evidence before the court of the facts and circumstances surrounding the payments made by the plaintiff. The affidavits make conclusory statements as to how to characterize these payments and have not stated the facts on which their characterizations are based. It is not clear whether the plaintiff made these payments in performance of the contract or to cover the expenses incurred by Morin prior to Morin's default on the contract.

The court does not agree with the plaintiff's contention that, if a surety completes performance, all payments it makes are necessarily pursuant to its performance bond obligations. The plaintiff supported this proposition with a different case involving Aetna Casualty and Surety, and this case came from the Court of Appeals for the Fifth Circuit, *Aetna Casualty and Sur. Co. v. United States*, 435 F.2d 1082, 1083–84 (5th Cir.1970). That case, however, does not support the plaintiff's proposition. The parties in the Fifth Circuit *Aetna* decision stipulated to all the facts, including the fact that the surety made its payments under the performance bond. 435 F.2d at 1083. Therefore the question whether the payments were made pursuant to the payment bond obligations or the performance bond obligations was not before that court. By contrast, in the Federal Circuit case involving Aetna, which is binding on this court, the Court of Appeals held that a court must look at all the facts and circumstances *to determine* under which bond obligation the surety made its payments. 845 F.2d at 975–76.

### Pleading of the IRS Setoff

■ The court holds that the defendant adequately pleaded and supported its claim of an IRS setoff. Under the RUSCC, par-

ties must affirmatively plead affirmative defenses and counterclaims. RUSCC 8(c) and 13. However, a setoff is not listed as an affirmative defense under RUSCC 8(c). Courts disagree as to whether a setoff is an affirmative defense or a counterclaim. *Compare Joseph V. Edeskuty & Assoc. v. Jacksonville Kraft Paper Co.*, 702 F.Supp. 741, 749 (D.Minn.1988), *with Middletown Plaza Ass'n v. Dora Dale of Middletown, Inc.*, 621 F.Supp. 1163, 1164–65 (D.Conn. 1985). The RUSCC do not specifically place a setoff in either category. Given this ambiguity in the rules, it appears inequitable to this court to strike the defendant's claim of setoff for failure to plead it affirmatively.

The plaintiff could have been on notice that the defendant intended to raise a setoff claim. The plaintiff first pleaded the issue of setoff in its complaint. In its answer to the complaint, paragraph 15, the defendant stated that the IRS had a claim. The purpose of affirmative pleading is to put the opposing party on notice of a defense, and "[w]hen a plaintiff has notice that an affirmative defense will be raised, ... the defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice." *Hassan v. United States Postal Serv.*, 842 F.2d 260, 263 (11th Cir.1988). A reasonably careful reading of defendant's answer would do that.

The plaintiff cites *St. Louis–San Francisco Ry. Co. v. United States*, 189 Ct.Cl. 280, 282, 417 F.2d 1359 (1969) for the proposition that setoffs must be raised at the earliest possible stage in the proceedings. That case *permitted* a party to raise its claim of setoff, so long as the claim was raised before trial and no party was prejudiced. This case, too, is in the pretrial stages, and the plaintiff has not asserted any prejudice.

### Support of the IRS Setoff

■ The court also finds that the defendant has adequately supported its claim of an IRS setoff. To defeat the plaintiff's motion for summary judgment on that claim, the defendant must proffer evidence that would be admissible at trial and that raises a genuine issue of material fact.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

The defendant submitted an IRS form 4340, Certificate of Assessments and Payments, including a certification that it is an official record of the IRS. Other courts have held that an IRS Form 4340 is admissible evidence that creates a presumption that the IRS assessment is valid. In *Hughes v. United States,* 953 F.2d 531, 539–40 (9th Cir.1992), the court held that the Forms 4340 are admissible under the public records exception to the hearsay rule, Fed.R.Evid. 803(8), and that Forms 4340 are "probative evidence in and of themselves," rather than being a summary of other evidence. Therefore Federal Rule of Evidence 1006 does not exclude them. Other courts addressing the issue have reached the same conclusion. *See, e.g., United States v. Chila,* 871 F.2d 1015, 1017–1018 (11th Cir.), *cert. denied,* 493 U.S. 975, 110 S.Ct. 498, 107 L.Ed.2d 501 (1989) (holding that Certificate of Assessments and Payments is presumptive proof of a valid assessment); *Rossi v. United States,* 755 F.Supp. 314, 316–17 (D.Or.1990) (holding that Forms 4340 are self-authenticating under Fed.R.Evid. 902(4) and are an exception to hearsay under Fed.R.Evid. 803(8)).

On the basis of these precedents, this court holds that the IRS Form 4340 is admissible evidence in support of the defendant's motion for summary judgment. Because a Form 4340 also creates a presumption of a valid assessment, the defendant has raised a genuine issue of material fact as to the IRS claim.

## CONCLUSION

Because there are genuine issues of material fact, both motions for summary judgment are denied. The parties shall complete discovery within 90 days from the date of this opinion.