"This matter comes before the court without oral argument, on plaintiff General Electric’s request for review, under Rule 53, of the order (of September 13, 1977) of Trial Judge Browne disqualifying plaintiffs attorney, Ronald R. Snider, from participating on behalf of plaintiff in the scheduled trial of this patent case.
"Until December 1976 Mr. Snider was an attorney in the Patent Section of the Civil Division of the Department of Justice. As such, he represented the United States in another, unrelated patent suit (involving another patent and other issues) brought by plaintiff General Electric in this court against the Government, No. 81-70, petition dismissed, ante at 636. He also represented the United States in a separate patent action, Gould v. United States, Ct. Cl. No. 429-74, which involved 'on sale’ issues either , 'substantially identical’ (in third-party Honeywell’s words) or 'similar’ (the Government’s phraseology) to the 'on sale’ issue to be tried and determined in the present suit by General Electric. Mr. Snider and his present firm (Sughrue, Rothwell, Mion, Zinn & Macpeak) were retained in July 1977 by plaintiff to represent it in the trial of this case (then scheduled for mid-September 1977).
"On September 2, 1977, third-party defendant Honeywell moved to disqualify Mr. Snider and the Sughrue firm. The defendant, though not itself moving, supported that motion. On September 13, 1977, Trial Judge Browne issued his order disqualifying Mr. Snider, but not other personnel of the Sughrue firm. The Trial Judge certified the matter for prompt review under Rule 53(c)(2)(i), and this request for review was filed by General Electric on September 16, 1977. Both defendant and Honeywell have opposed the request. Meanwhile this panel of the court stayed the trial for a period of sixty days. Order of September 14, 1977.
"There is some suggestion by the. Government in its correspondence with Mr. Snider (furnished to the court on this request for review) that Mr. Snider, while at the Justice Department, actually discussed some aspects of the present case, particularly the 'on sale’ defense as applied to this case, with Mr. Kreiss, defendant’s counsel in this case. *930 Mr. Snider denies this categorically and states that his only discussion of or work on the 'on sale’ defense were with respect to the Gould case, supra. In the present posture of this disqualification matter, the court accepts Mr. Snider’s representation. The Trial Judge’s 'Memorandum of Opinion and Decision on Motion for Disqualification of Counsel for Plaintiff makes clear (pp. 3-4) that, as to Mr. Snider, the disqualification order was not based on the possibility that this General Electric case was directly discussed by Mr. Snider while employed at the Justice Department, but solely on (a) Mr. Snider’s having represented the Government in the other patent case involving General Electric, and (b) Mr. Snider’s having discussed with his then government colleagues the 'on sale’ issue involved in Gould, supra, which issue is similar to an issue in the present case.
"We do not consider either of the grounds advanced by the Trial Judge as warranting the court’s disqualification of Mr. Snider, and we are aware of no decision or ruling calling for his disqualification. First, no violation of a statute or governmental regulation has been shown. The Justice Department said in its letter of August 29, 1977 to Mr. Snider that 'we do not believe that your disqualification is compelled by any statute or regulation * * *.'[1] We agree. Section 207 of Title 18 of the U.S. Code—dealing with 'disqualification of former officers and employees in matters connected with former duties or official responsibilities’ — disqualifies only persons who 'participated personally and substantially as a [government] officer or employee’ in the suit, 'particular matter,’ etc., now before the court or tribunal (subsection (a)), or had the suit, 'particular matter,’ etc. 'under his official responsibility as an officer or employee .of the Government’ (subsection (b)). Mr. Snider falls into neither class. As this request for review comes to us, it cannot be said that he participated at all in this General Electric case, or that he had it in any way under his official responsibility. With respect to his consideration of the 'on sale’ defense in connection with his participation in Gould, the studying of, discussion about, *931 and application of a general legal issue in a wholly different case is not a 'particular matter’ within § 207 (nor does it fall under any other term specified in that section).
"Second, as the matter comes to us we find no violation by Mr. Snider of any part of the Code of Professional Responsibility. Canon 4 ('A Lawyer Should Preserve the Confidences and Secrets of a Client’) is inapplicable because there is no reason at all to believe that Mr. Snider received any government confidences or secrets applicable to the present General Electric case; certainly, learning about the law of an 'on sale’ defense to the validity of a patent (which he may have acquired by his connection with the Gould case) is not a governmental confidence or secret, Likewise no bar to Mr. Snider’s employment is Canon 5 ('A Lawyer Should Exercise Independent Professional Judgment On Behalf of a Client’). Again, there is no reason to believe that, because Mr. Snider represented the defendant in the other, separate General Electric case, he cannot properly represent General Electric in the present case which involves different issues and a different patent. General Electric is not complaining, and we do not see how its interests will be injured. It is far from uncommon for former government lawyers to represent, in private practice, companies or individuals whom they opposed on other matters while in the Government. As for the 'on sale’ defense which emerged in Gould and is also involved here, so long as General Electric is satisfied with Mr. Snider we do not consider that we can say that any embarrassment he may possibly entertain in acting for his current client with respect to the application of that general defense to the particular facts of this case mounts to a violation of the Canon.
"Finally, Canon 9 ('A Lawyer Should Avoid Even the Appearance of Professional Impropriety’) has been invoked. In particular, reliance is placed on Ethical Consideration 9-3 and Disciplinary Rule 9-101(B), declaring that former public employees and officials should not accept private employment in any matter in which they had 'substantial responsibility’ while in public service. Our discussion supra of 18 U.S.C. § 207 shows that Mr. Snider, *932 as a government lawyer, did not have 'substantial responsibility’ for this suit or for any matter involved in it.[2] Nor does 'substantial responsibility’ characterize his connection with the 'on sale’ issue in Gould. Just as with the statute, we do not understand the Canon or its subordinate parts to cover ex-government lawyers who have worked on general legal issues while in service, and thereafter use that legal expertise in behalf of private clients. To extend the Canon to that extreme would needlessly destroy the 'interchange between the private and public sectors of the bar’ (Kesselhaut v. United States, supra, 214 Ct. Cl. at 129, 555 F.2d at 793-94.
"As we have indicated, Trial Judge Browne did not disqualify other personnel of the Sughrue firm although he was asked to do so, by Honeywell and the Government, for the independent reason that, a decade ago, the Sughrue firm had given an opinion suggesting that the patent in suit was invalid. The Trial Judge refused this aspect of the disqualification motion with some misgivings and added that he gave 'no promise that by so doing [i.e., permitting the Sughrue firm to continue to represent General Electric in this suit] I will exclude the possibility, in the event of a ruling of invalidity of the patent, of entertaining a motion for award of attorney’s fees against the plaintiff for having asserted a knowingly invalid patent’ (Memorandum of Opinion and Decision, etc., p. 5). Neither Honeywell nor the Government has sought interlocutory review of this part of the order, and it is clear that the decisions not to do so were deliberate.
"Nevertheless, both defendant and third party defendant now ask the court, sua sponte, to disqualify the entire Sughrue firm on this independent ground. We reject the suggestion to consider this matter. Where the parties have deliberately chosen not to seek review of a disqualification claim which is far from perfectly plain on its face and which the Trial Judge has refused to accept, the court will not intervene on its own motion. We do not consider the *933 claimed disqualification of the entire Sughrue firm to be clear as a pikestaff, and therefore, absent a request for review, leave the Trial Judge’s decision (together with its caution to the Sughrue firm) with neither confirmation nor rejection.
"Similarly, we reject plaintiffs belated invitation (in its reply to its opponents’ responses) to the court sua sponte to disqualify Trial Judge Browne because of the position he took on the possibility of an award of attorneys’ fees against plaintiff if the patent were to be held invalid. Plaintiff did not request review of the Trial Judge’s order on this ground nor did it ask us, in its request for review, to disqualify Trial Judge Browne. If any proceedings for such disqualification are to be further pressed, the plaintiffs attention is called to Rule 14(d).
"it is therefore ordered and concluded that the plaintiffs request for review is granted and the Trial Judge’s order of September 13, 1977, disqualifying Ronald R. Snider, is vacated and reversed insofar as review has been sought of that order.”

 The letter went on to say that, 'to avoid any appearance of impropriety,’ Mr. Snider should voluntarily remove himself.

 The attorney involved in Kesselhaut v. United States, 214 Ct. Cl. 124, 555 F.2d 791 (1977), had some personal participation in the matter there involved, and likewise held the very different post of general counsel of his agency. Mr. Snider did not have any supervisory role.