"This matter comes before the court on third-party defendant Honeywell’s request for prompt review, pursuant to Rule 53(c), of Trial Judge Browne’s interlocutory order (of March 14, 1978) insofar as that order denies discovery of plaintiffs documents numbered 1, 4, 5, 9, 14, 17, 25, 26, 27, 32, and 38. Because we find the matters alleged by Honeywell to be insufficient to warrant prompt review by the court, we deny Honeywell’s request.
"We note at the outset that this action has already been delayed by questions of disqualification of counsel and of the Trial Judge and has previously been before the court on more than one occasion, e.g., orders of Oct. 11, 1977 (215 Ct. Cl. 928), Sept. 30, 1977 (unreported) and Sept. 14, 1977 (unreported). With the currently scheduled trial date of April 11, 1978 rapidly approaching, third-party defendant Honeywell requests that we review a pre-trial discovery order made by the Trial Judge.
"The basic thrust of the instant motion is that the Trial Judge allegedly erred in denying discovery of certain documents after his in camera examination, that this alleged error will hamper the defense efforts at trial, and that irreparable injury follows. Since the Trial Judge has expressly refused to certify the matter for prompt review under Rule 53(c)(2)(i), Honeywell’s request for prompt review must show that there exist 'extraordinary circumstances whereby further proceedings . . . would irreparably injure the complaining party or occasion a manifest waste of resources . . . .’ Rule 53(c)(2)(ii).
"We read the motion as amounting to no more than an argument that the Trial Judge was incorrect. Even were we to assume that the Trial Judge was wrong, that alone is not enough to warrant prompt review. Our Rule is explicit:
. . . The mere fact that deferring correction of the trial judge’s alleged error to the court’s review of the trial judge’s final decision may lead to a remand for a new trial, or for the taking of further evidence, or for reconsideration by the trial judge, or may cause delay *467 in the ultimate disposition of the case, will not be deemed, by itself, to satisfy the standards of this subdivision ....
Rule 53(c)(2)(ii). The court concludes that the matters alleged by Honeywell are not sufficient to demonstrate irreparable injury or a manifest waste of resources within the intent of Rule 53(c)(2)(ii). See, Steen v. United States, 211 Ct.Cl. 348 (1976). The court is of the opinion that further postponement of the trial in this case and further piecemeal adjudication of the suit are not in the best interests of the parties or the administration of justice. See, Petrofsky v. United States, 206 Ct.Cl. 886 (1975). Our denial of review at this stage of the proceedings is, of course, without prejudice to the parties’ right to raise the asserted error on the part of the Trial Judge when the case comes before the court for final judgment.
"It is therefore ordered, upon the record, the request for review and its supporting brief, but without oral argument, that the request for review is denied.”