Pleading and practice; interlocutory review of order of trial judge; standards of review. — On March 14, 1980 the court entered the following order:
Before Nichols, Judge, Presiding, Kashiwa and Smith, Judges.
This case comes to us on defendant’s motion for an interlocutory review under Rule 53(c)(2) of a procedural order of Trial Judge Wood. Plaintiff opposes grant of the *658 review. A summary of the rather lengthy background of this litigation will aid in understanding this appeal.
This action arose out of two contracts between plaintiff and the government. One was for the manufacture of cylinder assemblies for M-60 tank engines. Under the other, the government had agreed to supply certain special tooling and facilities to plaintiff for the manufacture of a component. Shortly after entering the contracts, the General Services Administration sold the tooling and facility to a competitor of plaintiff. The sales agreement failed to reserve a right of access for plaintiff and the purchaser refused to provide such access. On July 30, 1971, the government terminated the contracts with plaintiff for the government’s convenience. A period of negotiations followed which resulted in a termination settlement agreement.
The settlement agreement was challenged by plaintiff in the Armed Services Board of Contract Appeals. On the basis of voluminous government admissions and an eviden-tiary hearing, the board found that defendant conducted its negotiations in bad faith, that plaintiffs agreement to the settlement had been obtained through economic duress, and was void. The board awarded plaintiff $457,479 under the termination clause. Allied Materials & Equipment Co., ASBCA No. 17318, 75-1 BCA ¶ 11,150.
Plaintiff then filed suit in this court for the common law breach of contract damages of anticipatory profits and lost business. Two orders of this court followed on September 30, 1977, 215 Ct. Cl. 902 (1977), and on January 25, 1978, 215 Ct. Cl. 406, 569 F.2d 562 (1978), concluding that there were triable issues of fact and summary judgment for either party would be inappropriate. The case was remanded to the trial division to determine whether the sale of the special tooling was a cardinal change, and, if so, whether the defendant’s subsequent termination of the contract was made in bad faith. We referred to the board findings as inferentially relevant, as telling a horrendous story, and sufficient by themselves to tender a triable issue as to when bad faith began to control defendant’s acts. 215 Ct. Cl. at 905.
*659 Plaintiff filed three motions before the trial judge: (1) for receipt into evidence of the full board administrative record; (2) for an evidentiary ruling that certain board findings were binding on the parties; and (3) for receipt into evidence of additional documents. Following full briefing by the parties, the trial judge issued the order which is the subject of this appeal. We conclude that interlocutory review of this order is inappropriate.
As a general matter, we disfavor interlocutory review of trial court determinations because such review results in piecemeal treatment of litigation. Intermediate appeals disrupt and delay proceedings at the trial level. From the perspective of the reviewing court, interlocutory appeals may require decisions without the full factual and legal context. Furthermore, it can result in the waste of judicial resources in deciding issues which are subsequently rendered moot. The question of delay looms large in this case. All of the above factors can adversely affect the parties.
The instant order presents essentially two evidentiary questions. The first regards the application and effect of United States v. Utah Construction Co., 384 U.S. 394 (1966), and the second involves Wunderlich Act standards.
The applicability of the standards enunciated in United States v. Utah Construction Co., supra, is not contested. That decision holds that the factual findings of a board of contract appeals in an action for damages under the contract are binding on the parties to a common law breach action in this court if the findings were "relevant to a dispute properly before [the board].” Thus, the trial judge was confronted with a two-step test of relevancy because, of course, the findings must also be relevant to the issues presently before the trial judge. The defendant challenges the trial judge’s conclusions as to each step of the test separately. We fail to see any essential distinction between the two relevancy tests and view these determinations to be of a kind routinely made by trial judges. As such they do not merit the extraordinary procedure of interlocutory appeal in this case. The grant of an appeal at this juncture would violate the principle which disfavors piecemeal adjudications recognized by our Rule 53(c)(2).
*660 This principle holds particularly true where the issue appealed is one of relevance. The relevancy of evidence is best tested, as it arises, in the forum most familiar with the issues, the trial court. Furthermore, issues of relevance arise throughout the course of litigation and cannot be properly summed up in a single appeal. In fact, the order appealed herein expressly and repeatedly defers decision on the admissibility and effect of portions of proffered evidence. We decline to be drawn into a potential series of interruptive review of these rulings as they are made.
The remainder of defendant’s appeal contends that certain board findings which were adopted by the trial judge’s order are not binding under Wunderlich Act standards. It is argued that certain factual findings are not supported by substantial evidence and that others contain erroneous conclusions of law. Again, these are determinations which are routinely made by the trial judges in the first instance and are reviewed on the exceptions to the trial judges’ recommended opinions. No persuasive reason has been given to depart from that procedure.
In denying defendant’s motion for interlocutory review, we note the trial judge’s certification under Rule 53(c)(2)(i) and have carefully scrutinized defendant’s motion. We do note however, that the trial judge’s certification was not in the strongest of terms. In any event, the grant of interlocutory reviews remains discretionary even where the trial judge has granted certification.
it is therefore ordered, that defendant’s motion for interlocutory review is denied.