PER CURIAM:
This civilian pay case is before the court on defendant’s motion for summary judgment. Because there exist material issues of fact concerning plaintiffs’ invocation of the first amendment, we deny the motion in part.
Plaintiffs are former probationary forester-trainees who were terminated from the Forest Service, United States Department of Agriculture, at the end of their probationary period. In termination notices issued to plaintiffs, the Forest Service cited poor work performance and uncooperative attitudes as the basis for their terminations. Plaintiffs contend, however, that the terminations were in reprisal for their exercise of conduct protected under the first amendment.[1] Plaintiffs seek a trial on this question.[2]
Defendant asserts that plaintiffs have failed to raise a triable issue of fact as to their first amendment claim. We disagree. On the basis of the record before us, we feel there is a genuine dispute as to the role the June 2d letter[3] played in the decision by the Forest Service to terminate plaintiffs. A trial appears necessary to provide ventilation of this dispute. See generally Jackson v. United States, 192 Ct. Cl. 765, 428 F.2d 844 (1970).
rr is therefore ordered that defendant’s motion for summary judgment is granted in part[4] and denied in part and the case is remanded to the trial division for further proceedings consistent with this order.

 Additionally, in their petition, plaintiffs allege that the procedure by which their terminations were effected denies them due process under the fifth amendment. In their opposition to defendant’s motion for summary judgment, however, plaintiffs offer no rejoinder to defendent’s argument that this allegation is without foundation. Hence, we regard plaintiffs as having abandoned the allegation. Even if not abandoned, the allegation is without merit. See Bishop v. Wood, 426 U.S. 341 (1976), and other cases cited by defendant.

 Because they were probationary employees, plaintiffs were unable to test their first amendment claim in an adversary-type hearing at the administrative level.

 Plaintiffs and others wrote a letter to their Forest Service supervisor in which they requested a meeting with him to discuss certain matters concerning the policy and administration of the Forest Service. The letter was dated June 2, 1978.

 See footnote 1, supra.