The court is presented here with a request for review of Trial Judge Joseph V. Colaianni’s order of December 16, 1980, which denies access for discovery to four documents alleged to contain the first written disclosure of an alleged invention authored by persons involved in development of the invention but not named on the patent in suit. The request for review is submitted by the third-party defendant, Checkpoint Systems, Inc., which makes a vigorous *622 presentation that the trial judge’s order should be reversed and the documents should be held not privileged and should be ordered to be produced for inspection and copying. The trial judge examined the documents in camera prior to issuance of his order. The reasons and arguments now presented with respect to the four challenged documents are essentially the same as those presented to and rejected by the trial judge except with reference to certain affidavits, as to which we find the movant’s arguments unpersuasive.
It is unnecessary for the court to discuss the myriad details of the arguments set forth in the motion which challenges the authorities relied on and interpreted by the trial judge, the arguments concerning his findings of fact, and the claim that his ruling would establish a new and wide-reaching standard of privilege.
The rules of the court establish a strict standard for interlocutory review. We will grant such review where the trial judge certifies his order as involving an issue of controlling importance or an issue of deprivation of fundamental rights, as to which there is substantial ground for difference of opinion, and where the ultimate termination of the litigation may be materially advanced by permitting a request for interlocutory review of his action. Rule 53(c)(2)(i). He has made no such certification here.
Under these circumstances, a party dissatisfied with an order may request that the court review it only "upon a showing of extraordinary circumstances whereby further proceedings pursuant to the said order would irreparably injure the complaining party or occasion a manifest waste of the resources of the court or of the parties. In general, the policy of the court is that proceedings before trial judges will not be interrupted by appeals to the court for piecemeal determinations, and the court will deal with the entire case, or a properly severed aspect thereof, on a single occasion only.” Rule 53(c)(2)(ii). Navajo Tribe v. United States, 224 Ct. Cl. 171, 624 F.2d 981 (1980); Allied Materials & Equipment Co. v. United States, 223 Ct.Cl. 657 (1980); Bennett Box & Pallet Co. v. United States, 218 Ct.Cl. 636 (1978).
*623 The motion demonstrates no "showing of extraordinary circumstances” or "irreparable injury” or "manifest waste of the resources” mandated by the rules of this court for granting interlocutory reviews. General Electric Co. v. United States, 216 Ct. Cl. 465 (1978).
it is therefore ordered that, upon the request for review and supporting brief and plaintiffs memorandum in opposition thereto, but without oral argument, the request for review is denied.