Defendant seeks interlocutory review of two orders of Trial Judge James F. Merow, issued March 12, 1981, relating to disclosure of certain information about a prospective expert witness of defendant’s. The trial judge has not certified his orders as necessitating review pursuant to Rule 53(c)(2Xi) and we conclude, as the following discussion will explain, that defendant has not made the showing, required for review by subsection (ii) of the rule, of extraordinary circumstances which would irreparably injure the complaining party or occasion a manifest waste of the resources of the court or of the parties. Consistent, therefore, with the rule and the policy of the court in such circumstances we will not interfere in the proceedings for a piecemeal determination of an issue we believe is being adequately handled by prudent exercise of the trial judge’s discretion. Knogo Corp. v. United States, ante at 620; Allied Materials & Equip. Co. v. United States, 223 Ct.Cl. 657 (1980); Mahoney v. United States, 219 Ct.Cl. 624 (1979).
This is a hotly contested renegotiation case in which trial has commenced. Defendant expects soon to call as an expert witness, Edwin J. B. Lewis, a Professor of Accounting at George Washington University. Mr. Lewis has served defendant in a similar capacity in 13 cases. In this case, we are told by plaintiff that Mr. Lewis has prepared a pretrial accounting statement for defendant which indicates that plaintiff had renegotiable profits in excess of 6 million dollars over the amount found by any of defendant’s other audits in the case. Plaintiff asserts that no case in which *687 Mr. Lewis has been involved has been settled or adjudicated at an amount in excess of the Renegotiation Board’s determination. Plaintiff denounces Mr. Lewis as a fraud. It attacks his professional integrity and competence and challenges the truthfulness of his representations about his education, experience, employment, and economic dependence on defendant. By agreement of the parties, Mr. Lewis was deposed for 3 days by plaintiff.
Shortly before the trial began, plaintiff served a subpoena duces tecum on Mr. Lewis, which commanded that he appear before the trial judge on a given date and bring with him, among other things, copies of his personal federal income tax returns for the taxable years 1977-80, inclusive. Plaintiff also moved for authorization to serve a similar subpoena on the custodian of records at the National Personnel Records Center in St. Louis, Missouri, for the production of the records of Mr. Lewis’ government employment. Plaintiff represented that these materials were all necessary for use in cross-examination of the proposed witness and to impeach his testimony. Defendant moved unsuccessfully to quash the subpoena and on March 12, 1981, the trial judge issued the two orders defendant now asks us to review and reverse.
Although the trial judge partially quashed the subpoena duces tecum as it pertained to the tax returns, he did order that Mr. Lewis prepare and produce for counsel and the trial judge a schedule of income received from the United States for each of the years cited, listing the agency for which the work producing the income was performed and the nature of the work. He was also ordered to produce copies of his tax returns for the years in issue, for examination by the trial judge in camera, so that the schedules could be verified and the tax returns thereafter promptly returned to Mr. Lewis. Defendant moved unsuccessfully for reconsideration and offered, in lieu of the tax returns, to provide information from the Department of Justice concerning what Mr. Lewis had been paid by it for his cooperation in renegotiation cases as a consultant and witness.
The second order issued by the trial judge on March 12, 1981, related to defendant’s opposition to compliance with *688 an earlier order which converted the request for a subpoena to a call under Rule 75(a) on the court’s own motion. The trial judge stated that it was difficult to anticipate whether matter in the personnel file will become relevant to any issue concerning the testimony of Mr. Lewis as an expert but that it would be desirable to have the appropriate record readily accessible should it be needed. He therefore ordered that the call be issued and that the federal personnel file of Mr. Lewis be transmitted to the clerk of the court to be held in camera pending his further order.
Defendant now argues that the orders of the trial judge constitute an impermissible interference with the rights of privacy guaranteed to Mr. Lewis by statute, 5 U.S.C. § 552a (1976 & Supp. III 1979) and I.R.C. § 6103, that disclosure of these and other personal records could cause irreparable harm, that there is no compelling reason for the disclosure ordered, that Mr. Lewis is not a party to the litigation, that the records pertain only to collateral matters having no direct bearing on the issues in dispute, and that their production would be an abuse of process such as will discourage witnesses from their public duty to testify.
As a part of the proceedings now before the court, Mr. Lewis, on April 6, 1981, filed a motion for a protective order under Rule 71(f), repeating, essentially, the arguments made by defendant for review under Rule 53. In addition, Mr. Lewis asserts that the order of the trial judge requiring him to state the income he has received from the United States, for verification by his tax returns, is ill advised because his income in these matters has been paid to him by a corporation, Edwin J. B. Lewis and Associates, Inc., in the form of a salary which was not paid until 1980 and that the salary bears no direct relationship either to the source of a consulting fee or the year in which it was received. He also states that his tax returns do not disclose the source of either corporate or personal income, nor are they required to do so any more than a lawyer in filing personal returns is required to identify the clients who paid him. As to other issues he states that a challenge to his competence or the validity of his expert opinion does not properly put his "character for truthfulness” in issue and that the personnel file information is all collateral to any issues to be litigated. *689 Finally, he specifically repudiates each of plaintiffs challenges to his professional competence and personal integrity and asks that the court direct plaintiff and its counsel to stop the "unwarranted and unfounded attacks” on him, and to reverse the March 12, 1981, orders of the trial judge in all respects.
The matters in issue are procedural in nature and pertain to a trial in progress. The Lewis motion has not been ruled upon by the trial judge, but we will consider it since it interrelates with defendant’s motion and to do so will conserve judicial resources. Absent certification by the trial judge, as provided in Rule 53, "extraordinary circumstances” must be shown to justify appellate interference. As to the order for tax returns and other papers, defendant offered to supply much of the information which would be disclosed by them so we construe this as a tacit admission that there would be no irreparable injury by the disclosure. Defendant seems to be quibbling about the form in which the information is to be provided rather than the substance of it. In any event, the trial judge has not ordered tax returns disclosed for open trial but only for his in camera inspection to verify the schedules defendant does not object to, but without conceding relevance of the information therein. As to the call order, it too is for information to be held in camera. We cannot make a ruling in speculation as to what use will be made of the information, if any. Certainly, the order does not presently cause irreparable damage to Mr. Lewis or to the case of the United States.
Furthermore, these motions must fail on their merits. Defendant admits that the privacy statutes in cites, 5 U.S.C. § 552a (1976 & Supp. III 1979) and I.R.S. § 6103, are not a bar. 5 U.S.C. § 552a(b)(11) exempts from the provisions of that statute disclosure pursuant to an order of a court of competent jurisdiction. The cases defendant cites under the Internal Revenue Code indicate that there is at most a policy against disclosure of federal tax returns for litigation purposes, not a bar to disclosure, and that such policy must be weighed against the policy of liberal discovery in litigation. E.g., Smith v. Bader, 83 F.R.D. 437 (S.D.N.Y. 1979); Richland Wholesale Liquors v. Jos. E. Seagram & Sons, 40 F.R.D. 480 (D.S.C. 1966); Kingsley v. Delaware, L. & *690 W. R.R., 20 F.R.D. 156 (S.D.N.Y. 1957). Under the circumstances of this case, and given disclosure only to the trial judge in camera, we hold a weighing of the competing policies favors disclosure.
When a witness in an adversary proceeding in court takes the stand he must expect opposing counsel to hold him to a strict accounting for accuracy and credibility and to impeach him if he can. We believe that the trial judge knows this and that he has shown no abuse of discretion such as would warrant a reversal of his contested orders. On the contrary, he has taken such steps as appear best designed to protect the legitimate rights of all concerned.
it is therefore ordered that the requests of defendant filed March 23, 1981, and by Mr. Lewis on April 6, 1981, for Rule 53 interlocutory review and reversal, and by Mr. Lewis, on April 6, 1981, for a protective order, are denied, without oral argument.