per curiam:
This is apparently a major case, brought under 28 U.S.C. §1498 to recover reasonable and entire compensation for infringement of a patent covering a Business Order Control System and Apparatus. All three armed services are alleged infringers. Presumably, if defendant is liable, it will be so for substantial sums. Yet counsel have dropped other pursuits to bury this panel in interlocutory paper concerning defendant’s liability to pay the relatively minor sum of $1,181.25, under circumstances that will appear.
The issue presented in this motion for stay is whether witness deposition costs assessed against a party by a trial judge must be paid when assessed or need not be paid until this court exercises final review under Rule 53(c), whether deferred or interlocutory. For the reasons discussed herein, we hold such costs are not due until this court issues a final judgment in the case.
This case is before the court on the motion of the defendant United States Government to stay Trial Judge Colaianni’s order of April 24, 1981, requiring that defendant pay plaintiffs the $1,181.25 by May 9,1981.
*736 On December 15,1978, defendant filed a motion for leave pursuant to Rule 81(b) to take the deposition of plaintiffs’ expert witness Mr. Nikolai. The government offered to pay the deponent’s reasonable and necessary expenses associated with the deposition. Because of this, the trial judge permitted the deposition over plaintiffs’ objections that the deposition imposed an undue burden. In assessing costs, the trial judge determined that the reasonable and necessary costs defendant owed consisted of the deponent’s expenses plus costs attributable to the government’s use of the expert in developing its own case beyond simply learning from the expert about plaintiffs’ case. See 48 F.R.D. 487, 504. The trial judge found the defendant owed $562 for the former category, and $1,500 for the latter. Order of March 23,1979.
On April 2, 1979, defendant requested the trial judge reconsider his assessment of costs beyond the expert’s actual expenses. The trial judge ruled against defendant’s request, although he did readjust the amount chargeable for defendant’s use of the expert for its own case to $1,181.25. The government paid the $562 assessment but failed to pay any of the extra charges. It believes it did not promise to pay them. On October 31, 1979, plaintiffs moved for sanctions against the government for its failure to pay the other costs. On April 24, 1981, the trial judge decided not to apply sanctions, but ruled that defendant was required to pay all costs assessed within 15 days of the order. On May 5, 1981, the government requested the trial judge certify for interlocutory review pursuant to Rule 53(c)(2) his order that defendant immediately pay the assessed costs. The government stressed it was not seeking certification of the trial judge’s finding on the amount of costs due — just on this demand for immediate payment. The government stated it was reserving review of the merits of the cost assessment until a Rule 53(c)(1) (i.e., deferred) review by this court.
On May 11,1981, the trial judge denied certification. The trial judge considered his April 24, 1981, order to be grounded on the premise that a procedural order that cannot satisfy the standards for interlocutory review under Rule 53(c)(2) must be obeyed and cannot be ignored until a Rule 53(c)(1) review by this court. The trial judge then *737 characterized his April 24, 1981, order as one issued pursuant to Rule 13(c) — an order settling a question of authority not covered by any other rule. The trial judge then found that the 10-day period for filing for review under Rule 13 of the April 24,1981, order expired on May 4. Also, the trial judge viewed his April 24, 1981, order as a rule of court beyond his certification authority. The trial judge also stated he would report the conduct of government counsel to this court pursuant to Rule 13(e).
On May 8, 1981, the government moved for a stay of the trial judge’s order until such time as the order is reviewed by this court. On May 14, 1981, the government moved for an enlargement of time to file for review of the trial judge’s April 24,1981, order.
The court grants the government’s motion for a stay and goes on to hold that the quantum of the trial judge’s assessment of costs will not be reviewed until this court exercises deferred review under Rule 53(c). That matter is obviously not suited for interlocutory review. As the trial judge viewed his April 24,1981, order as one under Rule 13, we exercise our Rule 13(d) authority to review sua sponte the propriety of the trial judge’s order so far as it requires immediate payment. In exercising review over this novel question, we are guided explicitly by this court’s rules and the principles implicit in the delegation of functions and authority from this court to its trial division.
The trial judge believed that his order assessing costs required immediate compliance, otherwise his ability effectively to control the course of litigation would be adversely affected. Additionally, the trial judge thought that to rule otherwise would result in parties routinely ignoring discovery orders on the pretense they need not be complied with until final review by this court. Although we recognize the concerns of the trial judge as valid, we do not share his view of the result of a holding that immediate payment is not required. Compliance with orders not requiring payment of money is not affected by our decision herein.
The trial judge’s requirement of immediate payment of a cost assessment is different from other discovery orders in that a cost assessment involves a legal determination that money is owed. Under Rule 12, a trial judge is delegated *738 only such authority as is prescribed under the rules of this court. Under Rule 147, only this court — not the trial division — has authority to enter a judgment. An order for immediate payment of costs is an adjudication of a sum certain based on legal principles, and, therefore, has the effect of a final money judgment. Because the trial division has no authority to render such a final money judgment, it cannot demand immediate payment of a cost assessment. The right to order payment out of the public treasury is subject to the rule of strict construction of United States v. Testan, 424 U.S. 392 (1974).
This holding should not have any adverse impact on the trial judge’s control over litigation. Under Rule 53, a trial judge is given sufficient authority to make his procedural orders effective. When a party agrees to pay costs, it will be bound, and a trial judge can grant discovery based on such a stipulation. In preparing his ultimate report, the trial judge should then treat the costs issue (when there is one) in the same manner as all substantive legal issues in the case, i.e., he should make proposed findings of fact and conclusions of law on the cost issue. Then, this court, in course of its final review, will assess the costs as part of the final judgment.
The trial judge believes that government counsel have made promises to him concerning payment that they have refused to carry out, both, apparently, as to the quantum of reimbursement to be made for participation of plaintiffs’ expert in a discovery deposition by defendant, and as to the time of payment. This misconduct is mitigated to the extent we agree with government counsel that they can defer payment of this kind of costs, pending review, deferred or otherwise. If, however, the trial judge in light of this holding still believes defendant’s counsel have made stipulations and refused to observe them, or otherwise misconducted, he is free to order sanctions, subject of course to the court’s review. Or he can recommend disciplinary action if the case justifies it. We remind counsel again that it is the duty of all counsel in this court to cooperate in the reaching of speedy, just, and inexpensive decisions. The kind of tempest in a teapot we have here is more often encountered in a patent case than in any other. Attorneys in patent cases perhaps are unaware how glaring the contrast often *739 appears between the normal conduct of other litigation and patent litigation.
Accordingly, we order that the trial judge’s order of April 24, 1981, is stayed so far as it requires the immediate payment of money. It remains in effect, subject to ultimate review, in all other respects.