Under 28 U.S.C. § 1507 and 26 U.S.C. § 7428(a), plaintiff Contemporary Mission, Inc. seeks a declaratory judgment that it qualifies as an exempt organization under 26 U.S.C. § 501(c)(3) (charitable, religious, etc. organization "no part of the net earnings of which inures to the benefit of any private shareholder or individual”)- In September 1979, the Internal Revenue Service determined that plaintiff did not so qualify. The Service found that, although plaintiff was a pious nonprofit society composed of a small number of Roman Catholic priests, in fact it carried on a direct mail marketing operation the profits of which redounded to the benefit of some or all of the priests.
Suit was filed in this court in December 1979. There have been proceedings toward a trial. In August 1981 plaintiff moved the trial judge for an order remanding the case to the IRS for reconsideration of the agency’s adverse determination. Defendant opposed. The trial judge denied plaintiffs motion and refused to certify the matter under Rule 53(c)(2)(i). The case now comes before this panel on plaintiffs request for interlocutory review under Rule 53(c)(2)(ii). Defendant opposes a grant of such review, and if review is granted urges that the trial judge’s order be affirmed.
In the absence of certification, Rule53(c)(2)(ii) permits interlocutory review only upon a showing of "extraordinary circumstances whereby further proceedings pursuant to said order [sought to be reviewed immediately] would *746 irreparably injure the complaining party or occasion a manifest waste of the resources of the court or of the parties.” Neither branch of this standard is satisfied in this instance. For us, the crux of the matter is that, as expressly stated by the Government, this declaratory judgment proceeding will entail a trial de novo in which no weight will be given to the IRS letter of determination and during which plaintiff will have full opportunity to correct any errors, procedural or substantive, which it claims were committed by the Service. Everything plaintiff now intends to present to the Service on remand can be presented to this court in the current proceeding. For that reason plaintiff cannot be irreparably injured by the trial judge’s refusal to remand the matter to the IRS — all relief it now seeks from the IRS can be sought from this court in this very case.
Nor is there any reason to believe that there will be'any manifest waste of resources if the case continues in this court. Contemporary Mission seems to suggest, without any supporting proof, that the IRS may be ready to accept plaintiffs position (in whole or in part), but defendant in this court represents the IRS and strongly opposes remand or even acceptance of the request for review. We have to take it that the IRS does not at all concur in plaintiffs motion. If plaintiff desires settlement, it can make an offer to the Department of Justice (which represents the Government in this court) just as well as it could make one to the Internal Revenue Service. In sum, there is nothing to show that it will be at all easier to resolve this matter by a remand to the IRS. On the contrary, plaintiff has made it clear that if IRS maintains its prior position Contemporary Mission will return to this court and battle the issue out here — just as plaintiff is now doing. It seems likely, therefore, that a remand would simply result in further delay in determining plaintiffs status.
Accordingly, the court refuses to grant interlocutory review under Rule 53(c)(2)(ii).