By order of April 25,1980,* this civilian pay case was remanded to the trial division for determination of damages on the issues to which defendant admitted liability. In that order, we directed the trial division to determine damages on the basis of hours worked by plaintiff undercover "over and above plaintiffs casino work week.” On March 9, 1982, *903 the trial judge filed an order regarding disputes which had arisen between the parties about the scope of the court’s April 25, 1980, remand order. In this order, the trial judge made various determinations amongst which was a determination that "casino work week” was not necessarily synonymous with a normal federal employee administrative 40-hour week. On March 19, 1982, defendant moved for reconsideration of the trial judge’s order, asserting that portions of the March 9, 1982, order contravened our April 25, 1980, remand order, 5 U.S.C. §5542, or both. On March 24, 1982, plaintiff requested review of the trial judge’s March 9, 1982, order under Rule 53(c). On March 31, 1982, defendant moved this court to suspend plaintiffs request for review until 10 days after the trial judge ruled on defendant’s motion for reconsideration. In the alternative, defendant requested this court to consider its motion for reconsideration as defendant’s motion for interlocutory review. In the event the court denied defendant’s motion for suspension, defendant, on April 5, 1982, moved this court for enlargement of time in which to respond to plaintiffs request for review. The extraordinary lapse of almost 2 years in making what we supposed to be a simple mathematical computation, is a striking example of the apparent paralysis of our federal courts, against which our Chief Justice and other authorities have so often inveighed. The trial judge and the parties are admonished to get on with it.
Normally this court refrains from piecemeal determinations but, given the fact that a clarification by this court of its view on the issue presented will save both judicial time and resources, we choose to treat defendant’s motion for reconsideration as a request for clarification of the involved order. The term "casino work week,” as stated in the April 25, 1980, remand order, was used to distinguish between hours worked at the casino and hours spent socializing with casino staff. The former, if over 40 hours a week or 8 hours a day, would entitle plaintiff to receive overtime compensation in accordance with 5 U.S.C. §5542. The latter would entitle plaintiff to receive administratively uncontrollable overtime (auo). Plaintiff has been compensated for auo, but not overtime. At no time was the remand order intended to contravene 5 U.S.C. §5542. Indeed, as it has been deter *904 mined that plaintiff was a federal employee, section 5542 governs. The trial judge accordingly is in error.
Defendant, by exacting surrender of all sums earned by plaintiff at the casinos, assumed full responsibility to compensate plaintiff according to its own laws, and we never dreamed of holding otherwise. Plaintiff is to be paid accordingly. To repeat, the reference to the "casino work week” was solely to distinguish between the scheduled work hours at the casinos whether regarded as regular, overtime, or holiday hours by them, and the socializing hours covered by auo.
Regarding the time period of April 10 to 18, 1973, plaintiff was laid off from his casino employment. If he was paid for his regular federal 40-hour work week plus auo and did not. work at the casino during this time period, he cannot also recover pay for regularly scheduled overtime.
Except as stated, we decline to review the trial judge’s determinations at this time. Treating the parties’ motions for interlocutory review as requests for clarification, plaintiffs and defendant’s motions for interlocutory review are partially granted as stated. Defendant’s motion for suspension pending the trial judge’s determination of its request for reconsideration and its motion for enlargement of time are denied. The case is again remanded to the trial division for computation of damages in accordance with our former order and this order.

 223 Ct. Cl. 755.