This is a request under Rule 53(c)(2)(ii) by a nonparty in a patent infringement suit for interlocutory review of Trial Judge Seto’s refusal to order immediate reimbursement of *866 the nonparty’s expenses in complying with the plaintiffs discovery requests. We deny the request for review.
The plaintiff is suing the government for patent infringement arising out of of the government’s purchase of marine propulsion pumps from Aerojet-General Corporation ("Ae-rojet”). Under Aerojet’s contracts with the government, in a patent infringement suit the contracting officer may request and Aerojet will furnish evidence and information relating to the suit. The government will reimburse Aerojet for the costs of furnishing the material.
In its efforts to obtain information in Aerojet’s possession, the plaintiff has used various kinds of discovery. The government, however, has refused to invoke its contractual powers to obtain the information for plaintiff from Aerojet. Aerojet contends that either that process or requests for admissions by the defendant is the proper method of discovery in this case.
In March 1982, Aerojet moved for a protective order from a subpoena of the plaintiff and an order directing reimbursement of expenses incurred in complying with discovery requests. It sought reimbursement from the plaintiff, the defendant, or both. In May, the trial judge denied the motion, and in July, denied reconsideration.
Since the trial judge did not certify his orders for immediate review, Aerojet must show "extraordinary circumstances whereby further proceedings pursuant to the said order would irreparably injure the complaining party or occasion a manifest waste of the resources of the court or of the parties.” Ct. Cl. R. 53(c)(2)(ii). Although Aerojet contends that Rule 53 does not cover nonparties, we have applied it to them. DeLong Corp. v. United States, 227 Ct.Cl. 685 (1981); National Presto Industries, Inc. v. United States, 222 Ct. Cl. 565 (1980). Moreover, the policy of Rule 53(c)(2)(ii) that "proceedings before trial judges will not be interrupted by appeals to the court for piecemeal determinations” applies equally to nonparties and parties.
Discovery disputes are commonplace, particularly in patent cases. See Orthopedic Equipment Co. v. United States, 228 Ct.Cl. 735 (1981). "Our rules grant a great amount of discretion to trial judges in conducting pretrial proceedings.” Zuni Tribe v. United States, 228 Ct.Cl. 844, *867 847 (1981). Although Aerojet alleges that the trial judge’s order will subject it to hardship, it has not shown anything so unusual as to justify departure from our general practice of not interfering with the trial judge’s discretion in handling discovery.
Aerojet relies on Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949), which recognized a collateral review exception from the general requirement of finality for review. "To come within the 'small class’ of decisions excepted from the final-judgment rule by Cohen, the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment.” Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978) (footnote omitted).
Aerojet’s request fails all three requirements. First, discovery is not completed in this case, so that the trial judge has not finally resolved the disputed issue. Second, Aerojet alleges abuse of the discovery process. The propriety of the plaintiffs discovery practices can best be determined after the merits have been decided. Finally, Aerojet has not shown that it could not effectively seek reimbursement of its expenses in complying with discovery requests after the final judgment has been entered.
Aerojet has not shown extraordinary circumstances warranting immediate review of the trial judge’s interlocutory discovery orders. The request for interlocutory review is denied.