Plaintiff requests review of Trial Judge George Willi’s order of June 10, 1982. Although not explicitly stated in plaintiffs brief, we deem it to be a motion for interlocutory review under Rule 53(c)(2) of this court. Trial Judge Willi issued the order pursuant to the authority granted to him under Rule 13 of this court. Since Trial Judge Willi has not certified the order pursuant to Rule 53(c)(2)(i), plaintiffs request must, therefore, be within Rule 53(c)(2)(ii).
The rules of this court establish a strict standard for interlocutory review. Mahoney v. United States, 219 Ct. Cl. 624 (1979); Knogo Corp. v. United States, 227 Ct.Cl. 621 (1981). In the absence of certification by the trial judge, interlocutory review is only permitted:
* * * upon a showing of extraordinary circumstances whereby further proceedings pursuant to the said order [sought to be reviewed] would irreparably injure the complaining party or occasion a manifest waste of the resources of the court or of the parties. In general, the policy of the court is that proceedings before trial judges will not be interrupted by appeals to the court for piecemeal determinations, and the court will deal with the *965 entire case, or a properly severed aspect thereof, on a single occasion only. * * *
Rule 53(c)(2)(ii). See also General Electric Co. v. United States, 216 Ct. Cl. 465 (1978).
Plaintiffs request provides no such showing. Plaintiff simply asserts that the order of the trial judge improperly restricts the scope of potential recovery contemplated under our order of July 25, 1980, 224 Ct.Cl. 765. In particular, plaintiff is wishing to present evidence of new matters which are outside the scope of our 1980 order. Such arguments, however, fall short of our strict standard for interlocutory review. Schroeder v. United States, 230 Ct.Cl. 902 (1982); Contemporary Mission, Inc. v. United States, 229 Ct.Cl. 745 (1982); McDowell v. United States, 227 Ct.Cl. 550 (1981).
it is therefore ordered upon consideration of plaintiffs request for review of the trial judge’s order of June 10,1982, and its supporting brief, but without oral argument, that the request is denied.
Reporter’s note: See order dismissing complaint, 1 Cl. Ct. 615 (1982); aff’d August 30, 1983 by CAFC, 716 F.2d 865.