# In the United States Court of Federal Claims

No. 24-1608C

(Filed: June 5, 2025)

(Refiled as Amended: June 11, 2025)*

**FOR PUBLICATION**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| TYRONE RITTER, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |
| | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Andrew R. Frisch*, Morgan & Morgan, P.A., Plantation, FL, for Plaintiff.

*Blake W. Cowman*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for Defendant. With him on the briefs were *Reginald T. Blades, Jr.*, Assistant Director, *Patricia M. McCarthy*, Director, and later *Brett A. Shumate*, Principal Deputy Assistant Attorney General, and *Yaakov M. Roth*, Acting Assistant Attorney General.

## AMENDED OPINION AND ORDER

The parties have jointly moved for entry of a protective order that would allow the government to produce information covered by the Privacy Act, 5 U.S.C. § 552a. *See* Joint Mot. (ECF 14); Proposed Order (ECF 14-1). After an April 25, 2025 conference, the parties filed a new joint motion with a new proposed order. *See* 2d Joint Mot. (ECF 15); 2d Proposed Order (ECF 15-1). For the following reasons, the Second Joint Motion (ECF 15) is **GRANTED**. The original motion (ECF 14) is **DENIED AS MOOT**.

This is a civilian backpay case under the Fair Labor Standards Act, 29 U.S.C. §§ 201–19. *See* Compl. (ECF 1). I previously granted Plaintiff's motion for notice to similarly situated third parties who may be entitled to join. *See* Order at 3 (ECF 13); *see also* 29 U.S.C. § 216(b).

The parties have represented that effectuating notice would require the government to produce information that is protected from disclosure by the Privacy

---

* This Opinion and Order is being reissued to correct an error.

Act. *See* Joint Mot. to Stay Case Procs. at 2 (ECF 12); Pl.'s Mot. to Facilitate Notice at 18–19 (ECF 11); Tr. at 11–12 (ECF 18). The Privacy Act provides that when a federal agency maintains systems of records pertaining to individual persons, it may not disclose those records without the relevant individual's consent, except in specific circumstances such as compliance with court orders:

> No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be — [*inter alia*] … pursuant to the order of a court of competent jurisdiction[.]

5 U.S.C. § 552a(b); *see* 5 U.S.C. § 552a(a) (defining relevant terms).

The parties thus explained that notice in this case will require a protective order allowing disclosure of information about third parties to Plaintiff's counsel. Tr. at 11–13; Joint Mot. to Stay Case Procs. at 2; Pl.'s Mot. to Facilitate Notice at 18–19. Such a protective order, if granted, would substitute for the statutory requirements of the Privacy Act. I therefore invited the litigants to propose a protective order allowing the government to "disclose the names and the last known addresses, phone numbers, and e-mail addresses of similarly situated individuals to Plaintiff's counsel." Order at 3.

The original Joint Motion and Proposed Order reflected the parties' first effort in that direction. The parties proposed that the government be "authorized to release to plaintiff's counsel and to the Court in this case Government records containing information protected by the Privacy Act, 5 U.S.C. § 552a, without obtaining prior written consent of the individuals to whom the records pertain." *See* Proposed Order at 1.

Under the original Proposed Order, information produced by the government would not be disclosed to the general public or used outside this case, *id.* at 1–2, and "no plaintiff [would be] authorized to view or otherwise obtain protected information that pertains to another person," *id.* at 3. But the information could otherwise be disseminated to a broad cast of individuals including lawyers, firm staff, experts, consultants, fact witnesses, process servers, and the Court. *See id.* at 2–3. Plaintiff's counsel could also provide the information to additional individuals if the government consented. *Id.* at 3.

The point of the protective order, again, was to enable an exchange of particular pieces of information about particular people who might be legally entitled to notice and joinder. Order at 3. But the parties' original Proposed Order placed no

limit on *whose* information or what *kind* of information might be disclosed, nor even on what agencies or systems of records might be opened to discovery. *See* Proposed Order. The proposal therefore permitted disclosure by the government of information about individuals *other than* Plaintiff and who are *not* similarly situated.

The parties' explanation for their request read, in its entirety, as follows:

Good cause exists for entry of the attached, proposed protective order to govern document production in this case. This litigation requires the parties to exchange voluminous electronic and paper document productions that contain protected information. The parties have negotiated the attached proposed order, which sets forth the procedures that the parties agree to follow with regard to the exchange and use of protected information. The parties believe that the entry of the attached stipulation as an order of the Court is in their best interest.

Joint Mot. at 1.

The original Proposed Order and the reasoning of the Joint Motion appear — based on my experience with similar requests — consistent with the general practice of parties in this Court. Litigants in this Court likely expect that such motions will be granted as a matter of course. But the parties' original approach cannot possibly satisfy the Privacy Act.[1] Litigants should not be able to get around the Privacy Act with a bare-bones, unlimited request for access to other people's information.

To begin with, this Court cannot rubber-stamp requests by litigants to waive Privacy Act protections for information about other people. The Privacy Act exists to protect individuals from disclosure of government-collected information. *See F.A.A. v. Cooper*, 566 U.S. 284, 294–95 (2012) (citing 5 U.S.C. § 552a(e)(10) and § 2(b), 88 Stat. 1896). Except as specifically provided in the statute, the government may not disclose covered information, and other individuals cannot request or receive it. 5 U.S.C. § 552a(b). The Privacy Act does give a court discretion to order disclosure of information that would otherwise be protected. 5 U.S.C. § 552a(b)(12). But when litigants request such an order, they do not represent third parties whose records are at issue — and may even be adverse to them.

The litigants' agreement is therefore no substitute for the Privacy Act's prohibition on disclosure. Counsel for plaintiffs — quite obviously — represent their clients, and nobody else. *Comm'r v. Banks*, 543 U.S. 426, 436 (2005) ("[T]he attorney, as an agent, is obligated to act solely on behalf of, and for the exclusive benefit of,

---

[1] I have denied similar requests in the past. *See, e.g.*, *Conn. Yankee Atomic Power Co. v. United States*, No. 21-1116C, 2021 WL 4129371, *2 (Fed. Cl. Sept. 9, 2021). In this case, I specifically directed the parties to avoid proposing an overbroad order about the Privacy Act protections of third parties. *See* Tr. at 13–14.

the client-principal, rather than for the benefit of the attorney or any other party."). The Department of Justice represents the government. 28 U.S.C. § 516; *Erie Basin Metal Prods., Inc. v. United States*, 123 Ct. Cl. 433, 436 (1952) ("[T]he lawyers of the Department of Justice are the lawyers for the United States. Lawyers are not supposed to determine what is right between litigants; their role is to protect their client against injustice and to secure justice for him. Theirs is the role of the advocate[.]"). Although the Department, in carrying out sovereign functions, represents the public's general interest in good government and enforcement of the laws, *see Wolfsen Land & Cattle Co. v. Pac. Coast Fed'n of Fishermen's Ass'ns*, 695 F.3d 1310, 1316 (Fed. Cir. 2012); *John R. Sand & Gravel Co. v. United States*, 59 Fed. Cl. 645, 656 (2004); *Freeman v. United States*, 50 Fed. Cl. 305, 310 (2001), the point of the Privacy Act is that the government cannot be left to make its own decisions about the information it collects on individuals. Rather, the Privacy Act gives individuals privacy protection *against* the government, including a cause of action in the event of illegal disclosure. *Cooper*, 566 U.S. at 294–95, 299; 5 U.S.C. § 552a(g). Neither side, in short, represents the absent individuals whose statutory privacy rights are being negotiated.

Viewed in that light, the government and private plaintiffs cannot simply decide — by mere bilateral agreement — that it "is in their best interest" to extinguish statutory privacy protections belonging to absent third parties. Joint Mot. at 1. Similarly, a representation that a given case "requires [the government] to exchange … protected information" does not necessarily convey anything more than the lawyers' agreement that their clients' litigation interests are more important than other people's statutory privacy rights. *See id.* Zealous advocates would take that position whenever possible, so it is meaningless for a Court considering whether a Privacy Act disclosure should be allowed.

What standards *should* a court apply when considering whether to order or authorize disclosure of government information about absent, unrepresented third parties? The Privacy Act does not say, *see* 5 U.S.C. § 552a(b)(12); *see also Laxalt v. McClatchy*, 809 F.2d 885, 888 (D.C. Cir. 1987), and courts have not reached a consensus. U.S. Dep't of Justice, *Overview of the Privacy Act of 1974*, 122–26 (2020) (available at https://www.justice.gov/opcl/overview-privacy-act-1974-2020-edition). The parties in this case did not suggest any standards either, beyond their claim that "good cause" supported their request. Joint Mot. at 1. The Privacy Act does not exclude protected information from discovery. *Laxalt*, 809 F.2d at 889. But if the Privacy Act's protections are to be meaningful, a court considering whether to order disclosure should presumably expect the parties to describe what they propose exchanging — what information, about whom, potentially from which agencies and

systems of records — and for what purposes. *See* RCFC 26(b)(1) (scope of discovery). The court can then assess, in light of any protective order the litigants propose, whether the benefits of disclosure justify the burdens on the statutory privacy rights of absent third parties. *See Laxalt*, 809 F.2d at 889–90; *see also DeLong Corp. v. United States*, 227 Ct. Cl. 685, 689 (1981); *Martin v. United States*, 1 Cl. Ct. 775, 782 (1983).

The foregoing should show the inadequacies of the original Joint Motion. Plaintiff could, of course, have consented to production of his *own* information, and I previously invited the parties to propose disclosure of certain information about similarly situated third parties in order to facilitate notice. *See* Order at 3. But the parties' original proposal was not limited to any set of individuals, any particular kind of information about those individuals, or even any specific set of agencies or systems of records. *See* Proposed Order. The parties implied that their proposal was intended to cover not just notice, but discovery more broadly. Joint Mot. at 1. Yet they did not outline what information they wanted to exchange or why. The parties' conclusory explanations, again, did not help. *See id.* Although the Proposed Order's terms and procedures appeared reasonable in some respects, there was no way to evaluate them without an explanation of why the parties wished for such a broad abrogation of Privacy Act rights.

Fortunately, the parties changed course and submitted their Second Joint Motion (ECF 15), which corrects the essential problems with the original. The Second Proposed Order limits the exchange of information to the (1) "contact information (including names, last known addresses, phone numbers, and e-mail addresses) of individuals likely 'similarly situated' to plaintiff to facilitate joinder in a collective action under the Fair Labor Standards Act, as set out in the Court's March 11, 2025, Order (ECF No. 13)," and (2) "time and attendance and pay records of plaintiffs who join the collective action." 2d Proposed Order at 1; *see also* 2d Joint Mot. at 1. The parties have therefore limited the disclosure to the purpose this Court originally authorized — notice for people who have a right to it — while also allowing Plaintiff and similarly situated parties to pursue their own interests in litigation. *See* 2d Joint Mot. at 1–2.

The Second Proposed Order still allows Plaintiff's counsel to seek the government's consent for a broader disclosure. 2d Proposed Order at 3. But now, that entails Plaintiff (and others who might join) using their *own* information, for their own purposes, represented by their own lawyers. Any requests for broader disclosure are thus unlikely to implicate the privacy interests of unrepresented third parties.

For the foregoing reasons, the Second Joint Motion (ECF 15) is **GRANTED**. This Court will enter a protective order concurrently with this Order. The original Joint Motion (ECF 14) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge
